## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In re CANNABIS PROFESSIONAL DESIGN, LLC**, a
limited liability company, **MB CITY TRANSPORTATION,
LLC**, a limited liability company, **HZ DETROIT HOLDINGS
1, LLC,** a limited liability company, and **HZ DETROIT HOLDINGS
2, LLZ**, a limited liability company,

      Plaintiffs,                     Case No.

v.                                     Hon.

                                           Mag.

**CITY OF DETROIT**, a Michigan municipal corporation,
**DAVE BELL**, in his capacity as the Director of the City
of Detroit Buildings, Safety Engineering and Environmental
Department, and **JANICE WINFREY**, in her capacity as the
City of Detroit City Clerk,

      Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

      Defendants, the City of Detroit ("the City"), David Bell, and Janice

Winfrey, hereby remove the action entitled "In re Cannabis Professional Design,

LLC, et al v City of Detroit, et al," Wayne County Circuit Court Case No. 23-

014598-AW, to this Honorable Court pursuant to 28 U.S.C. §§1441(a) and (c) and

1443. In support of this removal, Defendant states:

      1.    Plaintiff filed this action on November 9, 2023, 2023, in the Wayne

County Circuit Court, alleging, among other things, that the City's revocation of

certain erroneously-issued permits or approvals relating to Plaintiffs' desire to operate one or more marijuana businesses in the City of Detroit "violated the substantive due process doctrine under U.S. Const., amend. XIV, § 1."   (See Plaintiffs' Complaint, ¶¶ 33, 36, 39, 40(b), 51, 56, 57, and 60.)

2.   In paragraph 40(b), Plaintiffs also state that "this case contains a federal question . . ."

3.   Because Plaintiffs base their state court lawsuit on the United States Constitution, Defendants remove this action to this Court, invoking the Court's federal question jurisdiction.

4.   In accordance with 28 U.S.C. §§1331, this Court has original jurisdiction of this civil action.   In accordance with 28 U.S.C. §§1441(a) and (c) and 1443, and this Court's pendent jurisdiction, it is removed in its entirety to this Court.

5.   Copies of all process, pleadings and orders received by Defendants in the Wayne County action are attached.   For the Court's convenience, Defendants have also attached a copy of the Circuit Court docket sheet in the case, listing all of the documents filed or issued in the case.

6.   Plaintiffs hand-delivered a copy of their Complaint and Summons to the City of Detroit Law Department on November 17, 2023.   Assuming that this

was effective service of process, this notice of removal is therefore filed within 30 days of that date, in compliance with 28 U.S.C. §1446(b).

7.    Defendants have prepared a written notice of the removal of this action, addressed to all parties to the Wayne County action and to the Clerk of the Wayne County Circuit Court.    Promptly after filing this Notice of Removal of Civil Action, the City Defendants will file that written notice with the Clerk of the Wayne County Circuit Court, which will e-mail that notice to all parties to the Wayne County action through its electronic filing system.

Respectfully submitted,

*S/Eric B. Gaabo*
gaabe@detroitmi.gov
Attorney for Defendants
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 269-0297

Dated:    November 28, 2023

## CERTIFICATE OF SERVICE:

## DEFENDANT CITY OF DETROIT'S
## NOTICE OF REMOVAL

I state that on November 28, 2023, I served Defendants' Notice of

Removal on Plaintiffs by mailing and e-mailing this document to their counsel at

> Christine L. Constantino, Jr.
> christine@scottrobertslaw.com
> Scott Roberts Law PLC
> 500 Temple St.,
> Suite 2M
> Detroit, MI 48201.

Respectfully submitted,

*S/Eric B. Gaabo*
gaabe@detroitmi.gov
Attorney for Defendants
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 269-0297

Dated:   November 28, 2023

K:\DOCS\LIT\GAABE\a22000\removal\EG4921.WPD

11/27/23, 4:31 PM

Case 2:23-cv-13004-DML-EAS    ECF No. 1, PageID.5    Filed 11/28/23    Page 5 of 89
cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4050777

Skip to Main Content Logout My Account Search Menu New Case Search Refine Search  Back           Location : Non-Criminal Cases    Images Web Access Instruction Manual

# REGISTER OF ACTIONS
## CASE NO. 23-014598-AW

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Bell, Dave** | **Eric B. Gaabo**<br>*Retained*<br>(313) 237-3052(W) |
| Defendant | **City of Detroit** | **Eric B. Gaabo**<br>*Retained*<br>(313) 237-3052(W) |
| Defendant | **Winfrey, Janice** | **Eric B. Gaabo**<br>*Retained*<br>(313) 237-3052(W) |
| Plaintiff | **Cannabis Professional Design, LLC** | **Christine Constantino**<br>*Retained*<br>(248) 234-4060(W) |
| Plaintiff | **HZ Detroit Holdings 1, LLC** | **Christine Constantino**<br>*Retained*<br>(248) 234-4060(W) |
| Plaintiff | **HZ Detroit Holdings 2, LLC** | **Christine Constantino**<br>*Retained*<br>(248) 234-4060(W) |
| Plaintiff | **MB City Transportation, LLC** | **Christine Constantino**<br>*Retained*<br>(248) 234-4060(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/09/2023 | Appeal Actions from Lower/Other Courts/Agency |
| 11/09/2023 | **Writ, Filed** |
| 11/09/2023 | **Case Filing Fee - Paid** |
| 11/09/2023 | **Motion for Order to Show Cause-WVD** |
| 11/16/2023 | **Proof of Service, Filed** |
| 11/16/2023 | **Notice of Hearing, Filed** |
| 11/17/2023 | **Praecipe, Filed** (Judicial Officer: Elder, Charlene M. ) |
| 11/20/2023 | **Notice of Hearing, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |
| 11/20/2023 | **Appearance of Attorney, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |

| | |
|---|---|
| 11/20/2023 | **Proof of Service, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |
| 11/30/2023 | **Motion Hearing** (11:00 AM) (Judicial Officer Elder, Charlene M.) |
| | *11/21/2023 Reset by Court to 11/30/2023* |

---

**FINANCIAL INFORMATION**

---

| | | | |
|---|---|---|---|
| **Plaintiff** Cannabis Professional Design, LLC | | | |
| Total Financial Assessment | | | 175.00 |
| Total Payments and Credits | | | 175.00 |
| **Balance Due as of 11/27/2023** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 11/10/2023 | Transaction Assessment | | | 175.00 |
| 11/10/2023 | eFiling | Receipt # 2023-79366 | Scott F. Roberts Law, PLC | (175.00) |

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **THIRD** JUDICIAL DISTRICT<br>**WAYNE** JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | 23-014598-AW<br>Hon. Charlene M. Elder |

**Court address**

Coleman A. Young Municipal Center Room 1701, 2 Woodward Avenue, Detroit, MI 48226

**Court telephone no.** (313) 224-5436

| Plaintiff's name, address, and telephone no.<br>Cannabis Professional Design, MB City Transportation, HZ Detroit Holdings 1, HZ Detroit Holdings 2, and related entities associated with real property commonly referred to as 20601 Glendale St., Detroit, MI 48223<br>500 Temple Street Suite 2M<br>Detroit, MI 48201<br>(248) 234-4060 | v | Defendant's name, address, and telephone no.<br><br>City of Detroit<br>c/o City of Detroit Law Department<br>2 Woodward Avenue Suite 500<br>Detroit, MI 48226 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>SCOTT F ROBERTS LAW, PLC<br>Christine L. Constantino, Jr. (P80719)<br>500 Temple Street Suite 2M<br>Detroit, MI 48201<br>(248) 234-4060 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

RECEIVED
11:11am
NOV 17 2023
'23 HU
CITY OF DETROIT
LAW DEPARTMENT

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| THIRD    JUDICIAL DISTRICT<br>       JUDICIAL CIRCUIT<br>WAYNE           COUNTY | **SUMMONS** | 23-014598-AW<br>Hon. Charlene M. Elder |

| Court address | Court telephone no. |
|---|---|
| Coleman A. Young Municipal Center Room 1701, 2 Woodward Avenue, Detroit, MI 48226 | (313) 224-5436 |

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| Cannabis Professional Design, MB City Transportation, HZ Detroit Holdings 1, HZ Detroit Holdings 2, and related entities associated with real property commonly referred to as 20601 Glendale St., Detroit, MI 48223<br>500 Temple Street Suite 2M<br>Detroit, MI 48201<br>(248) 234-4060 | v | Janice M. Winfrey, City Clerk<br>City of Detroit<br>2 Woodward Avenue Suite 200<br>Detroit, MI 48226 |
| Plaintiff's attorney, bar no., address, and telephone no. | | |
| SCOTT F ROBERTS LAW, PLC<br>Christine L. Constantino, Jr. (P80719)<br>500 Temple Street Suite 2M<br>Detroit, MI 48201<br>(248) 234-4060 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.        **SUMMONS**

*RECEIVED*
*NOV 17 2023*
*CITY OF DETROIT*
*LAW DEPARTMENT*

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**                          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT**<br>THIRD   **JUDICIAL CIRCUIT**<br>WAYNE   **COUNTY** | **SUMMONS** | 23-014598-AW<br>Hon. Charlene M. Elder |

**Court address**

Coleman A. Young Municipal Center Room 1701, 2 Woodward Avenue, Detroit, MI 48226

**Court telephone no.**
(313) 224-5436

| Plaintiff's name, address, and telephone no.<br>Cannabis Professional Design, MB City Transportation, HZ Detroit Holdings 1, HZ Detroit Holdings 2, and related entities associated with real property commonly referred to as 20601 Glendale St., Detroit, MI 48223<br>500 Temple Street Suite 2M<br>Detroit, MI 48201<br>(248) 234-4060 | v | Defendant's name, address, and telephone no.<br><br>Dave Bell, Director<br>Buildings, Safety Engineering, and Environmental Department<br>2 Woodward Avenue Suite 401<br>Detroit, MI 48226 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>SCOTT F ROBERTS LAW, PLC<br>Christine L. Constantino, Jr. (P80719)<br>500 Temple Street Suite 2M<br>Detroit, MI 48201<br>(248) 234-4060 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.                    **SUMMONS**

RECEIVED
NOV 17 2023
CITY OF DETROIT
AW DEPARTMENT

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

23-014598-AW FILED IN MY OFFICE   WAYNE COUNTY CLERK   11/9/2023 4:47 PM   Jacqueline Ruff
Cathy M. Garrett

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| In re CANNABIS PROFESSIONAL DESIGN, LLC, a limited liability company, MB CITY TRANSPORTATION, LLC, a limited liability company, HZ DETROIT HOLDINGS 1, LLC, a limited liability company, and HZ DETROIT HOLDINGS 2, LLC, a limited liability company, | Case No. 23 -        - AW<br><br>Hon. |

        Plaintiffs,

v.

City of Detroit, a Michigan municipality, and DAVE BELL in his capacity as the Director of the City's Buildings, Safety Engineering, and Environmental Department, and Janice Winfrey in her capacity as the City Clerk for the City of Detroit.

        Defendants.

_____

**SCOTT F. ROBERTS LAW PLC**
Christine L. Constantino, Jr. (P80719)
Attorneys for Petitioner
500 Temple St., Suite 2M
Detroit, MI 48201
(248) 234-4060
christine@scottrobertslaw.com
_____/

There is no other pending or resolved
civil action arising out of the transaction or
occurrence alleged in the complaint.

_____
Christine L. Constantino, Jr. (P80719)

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1

Plaintiffs, CANNABIS PROFESSIONAL DESIGN, LLC ("CPD"), MB CITY TRANSPORTATION, LLC ("MCT"), HZ DETROIT HOLDINGS 1, LLC ("HDH1"), HZ DETROIT HOLDINGS 2, LLC ("HDH2"), (altogether "Petitioners"), by and through their counsel, SCOTT F. ROBERTS LAW, PLC, in support of its Complaint for a Writ of Mandamus and Declaratory Relief states:

## I.  PARTIES, JURISDICTION AND VENUE

1.     Plaintiff CANNABIS PROFESSIONAL DESIGN, LLC is registered in the City of Dearborn Heights, located in Wayne County, Michigan.

2.     Plaintiff MB CITY TRANSPORTATION, LLC is registered in the City of Detroit located in Wayne County, Michigan.

3.     Plaintiff HZ DETROIT HOLDINGS 1, LLC is registered in the City of Howell located in Livingston County, Michigan.

4.     Plaintiff HZ DETROIT HOLDINGS 2, LLC is registered in the City of Howell located in Livingston County, Michigan.

5.     Defendant CITY OF DETROIT (the "City"), a Michigan municipal corporation is the election commission established under the Pontiac City Charter and in accordance with MCL 168.25.

6.     Defendant DAVE BELL ("Bell") is the Director of the City's Buildings, Safety Engineering, and Environmental Department ("BSEED"), and the executive in charge of determining zoning violations within the City.

7.     Defendant JANICE WINFREY ("Winfrey") is the clerk of the City of Detroit. In addition, those employees of BSEED

2

8.     This Court has jurisdiction to consider original complaints for mandamus pursuant to, among other things, Sections 601 and 605 of the Revised Judicature Act, MCL 600.601, 600.605; MCL 168.552; and MCR 3.305.

9.     This Court has venue to consider this action pursuant to MCL 600.1615.

## II.     FACTUAL BACKGROUND

10.     Following the City's SLU grant to the Property, Plaintiffs bought real property commonly referred to as 20601 Glendale Street, Detroit, MI 48223 (the "Property") with the intent to build out a marijuana cultivation and processing facility (the "Facility") per the Michigan Regulation and Taxation of Marihuana Act ("MRTMA").

11.     Since purchasing the Property, Plaintiffs applied and were approved for the following licenses and permits (hereinafter collectively referred to as "Permits"):

a.   Building Permit No.: BLD2021-07263 for a marijuana processing center

b.   Building Permit No.: BLD2022-00668 for a marijuana safety and compliance facility

c.   Building Permit No.: BLD2023-00317 for a marijuana processor

d.   Building Permit No.: BLD2023-00542 for a marijuana secure transport facility

e.   Electrical Permit No.: ELE2022-01027

f.   Mechanical Permit No.: MEC2023-00128

g.   Mechanical Permit No.: MEC2023-00129

h.   Mechanical Permit No.: MEC2023-03930

i.   Plumbing Permit No.: PLM2022-00478

j.   Plumbing Permit No.: PLM2023-02542

k.   Special Land Use Permit ("SLU"): SLU2022-00156

l.   Special Land Use Permit ("SLU"): SLU2022-00157

m.  Certificate of Occupancy and Compliance under the marijuana processor building permit, BLD2023-00317

12.     In or around the end of 2020, Plaintiffs applied for, and subsequently received on March 11, 2021, conditional approval for at least one special land use permit ("SLU") from the City to begin building the Facility per their original intent for the Property.[1]

13.     In order to gain full approval from the City for their SLU, Plaintiffs continued to build out the Property per the instructions received from the City in the Temporary Approval letter.[2]

14.     Then, on or around February 3, 2022, the City of Detroit's Building, Safety, Engineering, and Environmental Department ("BSEED") issued the first building permit for a "marijuana processor facility" on the Property under permit number BLD2021-07263.[3]

15.     On or around March 21, 2022, the BSEED issued another building permit for a "marijuana safety compliance facility" under permit number BLD2022-00668.[4]

16.     On or around August 8, 2022, Plaintiffs applied for an amendment to their existing SLU to include a Marihuana Transporter License on site, which was approved by the City on or around October 19, 2022.[5]

---

[1] *See* **Exhibit 1,** Temporary SLU approval.
[2] *Id.*
[3] *See* **Exhibit 2,** Building permits for a marijuana processor facility at 20601 Glendale Street, Detroit, MI 48223, issued February 3, 2022.
[4] *See* **Exhibit 3,** Building permits for a marijuana safety compliance facility at 20601 Glendale Street, Detroit, MI 48223, issued March 21, 2022.
[5] *See* **Exhibit 4**, Approval for Amendment to SLU

4

17.     On or around March 10, 2023, the City issued a building permit, BLD2023-00317, for a "marijuana processor" to operate on the Property.[6]

18.     Finally, the City, through the BSEED, issued the final building permit, BLD2023-00542, on the Property to include a "marijuana secure transporter facility" on or around May 3, 2023.[7]

19.     Plaintiffs submitted a request for a Certificate of Occupancy on or around August 14, 2023, which was ultimately approved on September 13, 2023, upon completion of the Facility's build out and after acquiring several other required permits, including a mechanical permit, electrical permit, and plumbing permit.[8]

20.     Plaintiffs, in reliance on both SLU approvals from the City and the Permits issued to operate a multi-use marijuana facility on the Property, invested nearly fifteen million dollars ($15,000,000.00) in the build out of the Facility.

21.     In addition to the fifteen million dollars ($15,000,000.00) invested in the Facility's build out, Plaintiffs secured agreements with biomass suppliers and IP entities to assist in the processing of cannabis grown and cultivated at the Facility in further reliance on the Permit approvals from the City. These agreements are valued in excess of twenty million dollars ($20,000,000.00). [9]

22.     However, on or around October 27, 2023, Plaintiffs received unexpected correspondence from the City which stated that based on the City's new zoning map, Plaintiffs

---

6 *See* **Exhibit 5,** Building permits for a marijuana processor facility at 20601 Glendale Street, Detroit, MI 48223, issued March 10, 2023.

7 *See* **Exhibit 6,** Building permits for a marijuana secure transporter facility at 20601 Glendale Street, Detroit, MI 48223, issued May 3, 2023.

8 *See* **Exhibit 7,** Certificate of Occupancy and Compliance Application and Approval.

9 *Id.*                                                                 5

were in violation of the City's setback provisions, which establish a minimum distance between marihuana facilities and 'drug-free' zones of one thousand (1,000) feet.[10]

23.    Essentially, the City determined that the new map now placed the Facility within a drug-free zone and *as a result the Facility 1) cannot maintain its already twice approved SLU, Certificate of Occupancy, and building permits; and 2) is therefore denied its business license.* This correspondence came despite Plaintiffs' years long reliance on the City's prior approvals to operate their Facility on their Property and despite their copious investments in the Property.

24.    Plaintiffs later learned that, on information and belief, a Detroit public, charter school, Detroit Community High School located at 12675 Burt Road, Detroit, MI 48223 (the "School") was the reason for the unexpected revocation of all licenses and subsequent denial of Plaintiffs business license application.

25.    On information and belief, the City's new map included the School; however, the City's former map on which it relied in granting the Property's SLUs – *twice* – did not include the School despite the School being in operation since at least 2009.

26.    As a result, on or around October 27, 2023, the City revoked all approvals for a marijuana facility to operate on the Property.[11]

27.    Decisions regarding drug-free zones are considered "absolute," according to the City's Board of Zoning Appeals ("BZA"), and an application for an appeal of these decisions is automatically waived per City Ordinance, §50-12-136.

---

[10] *See* City of Detroit Code of Ordinances, §50-5-74, stating that the BSEED has authorization to revoke land use grants; "[t]hat the land use grant, variance or permit was approved on the basis of erroneous or misleading information or misrepresentation;" *see also*, § 50-12-132 stating the spacing restrictions of 1000 ft for drug free zones.

[11] *See* **Exhibit 8**, Revocation of Approvals at 20601 Glendale Street, Detroit, MI 48223.

28.     Further, unilateral revocation of all Permits, despite the entity's reliance upon those Permits, does not seem to be the City's usual policy, considering past zoning violations for already-established marijuana businesses have not resulted in the revocation of the property owners' SLUs or building permits.[13]

29.     Summarily, Plaintiffs assert that the City 'arbitrarily and capriciously' deprived Plaintiffs' of their vested property interest at 20601 Glendale Street, Detroit, MI 48233 via the revocation of its Permits, specifically and primarily, its twice-granted SLUs, several building permits, and Certificate of Occupancy.[14]

## III.     EXPLANATION FOR EXIGENT CIRCUMSTANCES

30.     Relying on representations from the BSEED that its proposed marijuana business complied with the requirements necessary to operate a marijuana business in the City of Detroit, Plaintiff have expended significant resources in building out the property located at 20601 Glendale Street, Detroit, MI 48233. Additionally, in preparation for operating the business Plaintiffs made numerous oral agreements[15] and has hired over a dozen employees who are expecting to begin working soon. Consequently, Plaintiffs respectfully request that the proceedings be expedited as much as possible so that this Court can issue its decision in time to

---

[13] *Id.*

[14] *Naturale & Co v. City of Hamtramck*, 614 F. Supp. 3d 575, 579 (E.D. Mich., 2022) quoting *Tri-Corp Mgt. Co. v. Praznik*, 33 F. App'x 742, 747 (6th Cir. 2002) (citing *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992), which states **"[t]o state a substantive due process claim in the context of land use regulations, a Petitioner must establish that (1) a constitutionally protected property or liberty interest exists and (2) that constitutionally protected interest has been deprived through arbitrary and capricious action.** (emphasis added).

[15] State law does not permit a contract involving marijuana businesses to be signed by an entity that does not have a state issued marijuana license and Petitioner needed the city approval to get the state license

allow Plaintiffs to realize the value of its investment and not deprive the people who were to work at the Facility their opportunity for gainful employment.

31.     Due to the exigent circumstances presented herein, Plaintiffs cannot exhaust any possible administrative remedies that may be available including an appeal to the Board of Zoning Authority. Due to the schedule of the Board of Zoning meetings and the notice required by same, Plaintiffs believe that the earliest possible regular meeting that may hear this issue is February 12, 2024.  In the event of a special meeting, the earliest that Plaintiffs anticipate that same could be heard is December 18, 2023.  Therefore, Plaintiffs cannot seek alternative remedies through the Board of Zoning Appeals without incurring further damages and irreparable harm.

## COUNT I –   DECLARATION THAT THE PROPERTY AND FACILITY'S SEVERAL ISSUED PERMITS ARE VALID AND ENFORCEABLE.

32.     Plaintiffs incorporate by reference the above paragraphs as though fully set forth herein.

33.     This Court has the authority to issue a declaratory judgment pursuant to MCR 2.605 because there is an actual controversy between the parties, specifically whether Defendants violated U.S. CONST. amend. XIV, § 1. In addition to the two SLUs that were granted, Plaintiffs were also granted several Permits, as listed in §II (2) of this Complaint.

34.     Declaratory judgment is necessary to preserve Plaintiffs' twice approved SLU permits, each building permit, and certificate of occupancy that Plaintiffs acquired and relied on when deciding to invest and/or establish secure contracts with third parties in the amount of thirty-five million dollars ($35,000,000.00).

35.     Further, declaratory judgment is necessary to preserve Plaintiffs' other Permits, pursuant to §II (2) of this Complaint, that were obtained and relied on when deciding to invest

8

and/or establish secure contracts with third parties in the amount of thirty-five million dollars ($35,000,000.00).

36.     All interested parties are before this Court and this Court's determination of whether the City violated the substantive due process doctrine under U.S. CONST. amend. XIV, § 1 will settle the entire controversy between the parties.

**COUNT II – DECLARATORY RELIEF DECLARING THAT THE REVOCATION OF PLAINTIFFS' SLUS, CERTIFICATE OF OCCUPANCY, BUILDING PERMITS, AND ALL OTHER PERMITS PURSUANT TO §II (2) OF THIS COMPLAINT IS REVERSED AND PLAINTIFFS' PERMITS ARE PRESERVED.**

37.     Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully set forth herein.

38.     There is an actual controversy as to the legal rights and remedies of the parties. Defendants represented to Plaintiffs that a marijuana business was permissible at the proposed location on multiple occasions and through a multitude of ways – *i.e.,* granting the first and second SLU, issuing several building permits that explicitly allow for 'legal operation' of marijuana businesses on the Property, and providing a Certificate of Occupancy and Compliance – only to change course after Plaintiffs completed all necessary construction and requested a business license.

39.     However, the initially issued Permits and Plaintiffs' reliance thereon granted Plaintiffs property rights under the substantive due process doctrine of the Fourteenth Amendment.[16]

---

[16] *HEARNS CONCRETE Constr CO v CITY OF YPSILANTI,* 241 F Supp 3d 803, 811-12 (ED Mich, 2003) *quoting* 263 F.3d 627 at 642; *see also Tri-Corp Mgmt. Co. v. Praznik,* 33 Fed. Appx 742, 748 states: "**In *Buckeye Community Hope Foundation v. City of Cuyahoga Falls,* the Sixth Circuit recognized that a developer has a constitutionally protected property interest in a**

9

40.     The remedy for this violation can only be determined by an adjudication by this Court through a declaratory judgment as provided by law because:

    a.   any appeal to the ZBA for the revocation of a permit as a result of a spacing issue in a drug-free zone is automatically denied by the City per §50-12-136 of the City of Detroit's Code of Ordinances; and

    b.   despite the City's Ordinance citing the Wayne County Circuit Court as the next appropriate avenue of appeal, this case contains a federal question and necessitates an appeal to a federal court.

41.     Declaratory judgment is necessary to preserve Plaintiffs' twice approved SLU permits, each building permit, and certificate of occupancy that Plaintiffs acquired and relied on when deciding to invest and/or establish secure contracts with third parties in the amount of thirty-five million dollars ($35,000,000.00).

42.     Further, declaratory judgment is necessary to preserve Plaintiffs' other Permits, pursuant to §II (2) of this Complaint, that were obtained and relied on when deciding to invest and/or establish secure contracts with third parties in the amount of thirty-five million dollars ($35,000,000.00).

43.     All interested parties are before this Court and this Court's determination that the revocation of Plaintiffs' Permits be reversed, and the Permits preserved will settle the entire controversy between the parties. Therefore, in an effort to restore Plaintiffs' property rights,

---

**zoning permit when the zoning permit complied with the existing zoning regulations and the site plan had already been approved.** Hearns has alleged that his proposed development **complied with existing zoning regulations** and there is no dispute as to whether it had already been approved by the Commission. Thus, under *Buckeye Community*, Hearns has alleged a constitutionally protected property interest, thereby satisfying the first element of his substantive due process claim.

Plaintiffs respectfully request that this Court further declare that Defendants are required to reinstate Plaintiffs formerly approved and later revoked Permits.

## COUNT III – WRIT OF MANDAMUS

44.     Plaintiffs incorporate by reference the above paragraphs as though fully set forth herein.

45.     "Mandamus is the appropriate remedy for a party seeking to compel action by election officials." *Citizens Protecting Michigan's Constitution v Sec'y of State*, 280 Mich App 273, 283; 761 NW2d 210 (2008).

46.     In order to be entitled to mandamus, it must be demonstrated that:

> (1) the plaintiff has a clear legal right to the performance of the duty sought to be compelled, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial in nature, and (4) the plaintiff has no other adequate legal or equitable remedy. *Id.* at 284; *White-Bey v Dep't of Corrections*, 239 Mich App 221, 223-24; 608 NW2d 833 (1999).

47.     A clear legal right is a right that is "clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Univ Med Affiliates, PC v Wayne Cty Executive*, 142 Mich App 135, 143; 369 NW2d 277 (1985) (citation omitted).

48.     Review is usually limited to "questions of unusual importance necessary to the economical and efficient administration of justice," or "important issues of first impression."[17]

49.     "[C]itizens have a substantive due process right not to be subjected to arbitrary or irrational zoning decisions."[18]

---

[17] *In re Trent*, ___F App'x___; 2018 U.S. App. LEXIS 32765 (CA 6, Nov. 19, 2018) *quoting EEOC v. K—Mart Corp.*, 694 F.2d 1055, 1061 (6th Cir. 1982).
[18] *HEARNS CONCRETE Constr CO v CITY OF YPSILANTI*, 241 F Supp 2d 803, 811-12 (ED Mich. 2003) quoting *Zinermon v. Burch*, 494 U.S. 113, 115, 108 L. Ed. 2d 100, 110 S. Ct. 975 (1990).

11

50.     "Thus, to state a substantive due process claim in the context of a zoning case, a plaintiff must establish that (1) a constitutionally protected property or liberty interest exists, and (2) that constitutionally protected interest has been deprived through arbitrary and capricious action."[19]

51.     In this instance, Plaintiffs seek this Court to compel the City of Detroit to reinstate Plaintiffs' Permits, i.e., the SLU and building permits approved several times over[20] and set aside the City's arbitrary and capricious revocation of those permits in violation of the substantive due process doctrine of the Fourteenth Amendment to the Constitution.[21]

> 52.     In an effort to distinguish between errors that are merely reversible and not subject to mandamus, and those errors that are of such gravity that mandamus is proper, the United States Court of Appeals for the Sixth Circuit balances five factors. The court examines whether: *(1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order [in this case, the City's] is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the [City's] order raises new and important problems, or issues of law of first impression.* These factors need not all be met, and some factors will often be balanced in opposition to each other. (emphasis added)[22]

---

[19] *HEARNS CONCRETE Constr CO v CITY OF YPSILANTI*, 241 F Supp 2d 803, 811-12 (ED Mich, 2003) quoting *Silver v. Franklin Township, Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992).

[20] *Supra* note 17.

[21] *Id*, stating: As to the second element of the substantive due process claim, the Plaintiff alleges that the Defendants acted "arbitrarily and capriciously" to deny him of his constitutionally protected property interest when they: (1) **denied and withdrew approval for the site plans;** and, (2) **issued the stop work order.** Based on allegations such as these and a liberal reading of the Complaint, Hearns has sufficiently plead the **arbitrary and capricious** element of a substantive due process claim."

[22] *Grant v Metro Gov't of Nashville & Davidson Co (In re Metro Gov't of Nashville & Davidson Co)*, 606 F.3d 855, 857 (CA 6, 2010).

12

53.     "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hillsdale Cty Senior Servs, Inc v. Hillsdale Cty*, 494 Mich 46, 58 n 11, 832 NW2d 728 (2013) (quotation marks and citation omitted).

54.     It was a ministerial act to place the proposed ordinance on the ballot upon accurately qualifying the signature threshold submitted by Plaintiff. See *Coalition for a Safer Detroit, supra*, at 371 ("On the basis of the clear language in the statute and charter, it was a ministerial act for defendants to place the initiative petition on the ballot once the clerk determined that the petitions contained the required number of qualified signatures.").

55.     Aside from the action for mandamus, "plaintiff has no other adequate legal remedy, particularly given that the election is mere weeks away and the ballot printing deadline is imminent." *Barrow v City of Detroit Election Com'n*, 301 Mich App 404, 412; 836 NW2d 498 (2013).

56.     The Due Process Clause of the Fourteenth Amendment has been construed to include a substantive component.[23]

57.     The substantive due process doctrine protects against "certain government actions regardless of the fairness of the procedures used to implement them." [24]

58.     In this instance, Plaintiffs seek protection from the deprivation of their Property *vis a vis*, their revoked Permits.

59.     Although "a government benefit, such as a permit, is not a protected entitlement if officials "may grant or deny it in their discretion," the court in *Dorr v. City of Ecorse*, 305 F.

---

[23] *Naturale & Co. v. City of Hamtramck*, 614 F. Supp. 3d 575, 581 (E.D. Mich., 2022).
[24] *Naturale & Co. v. City of Hamtramck*, 614 F. Supp. 3d 575, 581 (E.D. Mich., 2022) quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

App'x 270 (6th Cir. 2008) "determined that **"possession of a valid building permits [*sic*] coupled with substantial reliance thereon . . . bestow[s] vested property rights to a non-conforming structure.**"[25] (emphasis added)

60.     Plaintiffs have a legal right to its Property pursuant to the substantive due process doctrine of the Fourteenth Amendment coupled with several formerly issued Permits, including but not limited to, multiple building permits, at least two SLUs, and a Certificate of Occupancy, and millions of dollars in investment.

61.     Further, Defendants have the clear legal duty to restore Plaintiffs' property rights via the preservation of its approved Permits, in which Plaintiffs relied on when deciding to invest approximately thirty-five million dollars ($35,000,000.00) in the Property.

62.     "Ministerial acts are those done by officers and employees who are required to carry out the orders of others or to administer the law with little choice as to when, where, how or under what circumstances their acts are to be done.[26]

63.     On information and belief, the City, Winfree, and/or Bell represent the City in determining and applying zoning regulations for the City. It was upon their combined assessment, as representatives of the City, that Plaintiffs Permits were revoked.

64.     Finally, aside from this Writ of Mandamus, Plaintiffs have no other adequate remedy in law or, in other words, "no other remedy (legal or equitable) which might achieve the same result."[27]

---

[25] *Naturale & Co. v. City of Hamtramck*, 614 F. Supp. 3d 575, 581 (E.D. Mich., 2022) quoting *Castle Rock v. Gonzales*, 545 U.S. 748 (2005) and *Dorr v. City of Ecorse*, 305 F. App'x 270 (6th Cir. 2008).

[26] *Doe v. Patton*, 381 F. Supp. 2d 595, 607 (E.D. Ky., 2005).

[27] *McDonald's Corp. v. Canton Twp*, 177 Mich. App. 153, 156; 441 N.W.2d 37 (1989).

65.     According to BSEED, the Plaintiffs can appeal the revocation of their licenses, however, "[i]f your location is within a drug free zone based on spacing requirements, your application will be denied. You may appeal this denial to the Board of Zoning Appeals ("BZA") within 14 days of the decision."[28]

66.     According to the City of Detroit's municipal code §50-12-135(b):

> The spacing and locational requirements for adult uses as specified in Section 50-3-504 of this Code and Section 50-12-132 of this Code, and for medical marijuana facilities and adult-use marijuana establishments as specified in Article III, Division 12, of this Code, may not be waived. The "drug-free zone" spacing requirement for marijuana grower facilities, marijuana processor facilities, medical marijuana retailer/provisioning centers, and marijuana secure transporter facilities, as specified in Section 50-3-535 and Section 50-12-132 of this Code, may not be waived.

67.     In this instance, Plaintiffs have no other choice but to ask for this Court's intervention in order to preserve its property rights. Even if Plaintiffs were to appeal the decision to the City or reapply for the SLU, they would inevitably be denied due to the City's newly drawn zoning map.

WHEREFORE, because the substantive due process clause of the Fourteenth Amendment protects an owner's property rights if and when the owner has substantially relied on permits that were granted based on a valid zoning ordinance, Plaintiffs respectfully request that this Court to issue an Order to Show Cause to Respondents as to why this Court should not enter a judgment or a declaration of rights and liabilities and a writ of mandamus with respect to the allegations set forth herein, as follows:

A.      Declare that the special land use permits ("SLUs") made effective on March 11, 2021 and October 19, 2022, the Property's several building permits, and the Facility's Certificate of Occupancy are valid and enforceable.

---

[28] BSEED, Land Use Approval & Building permits Process for Marijuana Business Owners

B.     Declare that the revocation of Plaintiffs' Permits be reversed; and

C.     Order the City of Detroit to take all necessary steps to reinstate and preserve Plaintiffs property interests under the substantive due process doctrine of the Fourteenth Amendment;

D.     Grant Plaintiffs' reasonable attorney's fees based on the unlawful conduct of Respondent City of Detroit; and/or

E.     Any and all other relief this Court deems just and equitable.

## **REQUEST FOR RELIEF**

Plaintiffs respectfully requests that this Honorable Court:

(a)     Issue a Writ of Mandamus compelling Respondents to immediately reinstate Plaintiffs' SLUs, building permits, and certificate of occupancy;

(b)     Issue a Writ of Mandamus compelling Respondents to immediately reinstate all other issued Permits to Plaintiffs;

(c)     Issue a Declaratory Judgment that U.S. CONST. amend. XIV, § 1. requires Respondents to honor Plaintiffs' substantive due process rights, and by extension, their property rights; and

(c)     Order any and all such other relief as justice may so require.

Respectfully submitted,

**SCOTT ROBERTS LAW, PLC**

Dated: November 8,, 2023      /s/ Christine L. Constantino, Jr.
                                       Christine L. Constantino, Jr. (P80719)
                                       Attorneys for Plaintiffs
                                       SCOTT F. ROBERTS LAW PLC
                                       500 Temple St., Suite 2M
                                       Detroit, MI 48201
                                       (248) 234-4060

16

# EXHIBIT 1

2021101574 — Page 2 of 6

DEPARTMENT OF
Buildings, Safety Engineering &
Environmental

CITY OF
DETROIT

Coleman A. Young Municipal Center    Phone 313-224-2733 TTY:711
2 Woodward Avenue, Fourth Floor      Fax 313-224-1467
Detroit, Michigan, 48226             www.detroitmi.gov



BSEED Case No:       SLU2020-00051
Property Address:    20601 Glendale
Decision Date:       February 25, 2021
Effective Date:      March 11, 2021

Applicant
HZ Detroit Holding 1 & 2, LLC
Healthy Labs LLC
Michael Beydoun
4320 Pratt Rd.
Ann Arbor, MI 48103

Owner
Nissen Associates, LLC
24511 Harding Ave.
Oak Park, MI 48237

Request:        Establish a Medical Marihuana Grower Facility (MMGF), Medical
                Marihuana Processor Facility (MMPF) and Medical Marihuana
                Safety Compliance Facility (MMSCF) in an existing 17,641 square
                foot building.

Location:       20601 Glendale located on the southwest corner of Glendale and
                Patton Streets in a M4 (Intensive Industrial) Zoning District and
                legally described as: *W PATTON 114 THRU 119 OAKMOOR LITTLE
                FARMS SUB L63 P82 PLATS, W C R 22/682 23,575 SQ FT (PIN
                22104696-700)*

The current legal land use of the property is 'Machine Shop' established by permit
#32449 issued April 28, 1986. There are four (4) buildings, all connected with a flat
roofs. The total number of off street parking spaces required is twenty-five (25) spaces
for all three uses. The approved site plan shows twenty-six (26) off-street parking spaces,
which is sufficient, for the proposed uses. **NOTE: Applicant has a request to vacate
Patton Street at Glendale and to vacate 18 foot wide alley to west with Department
of Public Works (DPW-City Engineering Division).**

Medical Marihuana Grower Facilities (MMGF's), Medical Marihuana Processor Facilities
(MMPF's) and Medical Marihuana Safety Compliance Facilities (MMSCF's) are subject to
several spacing requirements per Section 61-3-355(a) (1) by Ordinance 20-18, as saved
from repeal in the 2019 Detroit City Code. This location is not in a drug free zone, a
Gateway Radial Thoroughfare or a Traditional Main Street overlay area.

This request has been processed in accordance with the provisions of Sections 50-3-241,
61-3-355(a)(1), 61-10-64(8) and 61-12-80 adopted by Ordinance 20-18, as saved from
repeal in the 2019 Detroit City Code and the following submittals were considered as part
of this request:



BSEED Case No.:
Property Address:
Decision Date:
Effective Date:

-2-
SLU2020-00051
20601 Glendale
February 25, 2021
March 11, 2021

1. Preliminary Plans prepared by Cannabis Professional Design, LLC, last revised 12/17/2020 and including the following:
   a. Site Plan, Floor Plan and Elevation Plans

2. Recommendation to approve with conditions from the Detroit Planning & Development Department received November 16, 2020.

3. Recommendation from the Medical Marihuana Review Committee received June 30, 2020.

Our department held a public Zoom hearing on 10/29/2020. Notice of this hearing was published in the Detroit Legal News on 10/14/2020 and mailed to 34 residents and property owners within 300' of the subject site. . Besides City of Detroit representatives, people attending the hearing, the property owner, the architect and testing facility operator. There were no letters of support or opposition.

After careful consideration, the required findings of fact were made per Section 50-3-281, specifically:

A) That the proposed conditional use is consistent with the City of Detroit Master Plan future generalized land use designation of Light Industrial *(IL).*

B) That the proposed use of the subject building will not have a negative impact on the community and the surrounding property in maintaining an active business on the site.

C) That the potentially detrimental effects of this use will be mitigated by the strict conditions of approval contained in this letter.

**Thereby, the ordinance requirements for a conditional use have been satisfied in this case and the request and site plan have been <u>APPROVED WITH CONDITIONS</u>.**

This conditional approval will become effective <u>**March 11, 2021.**</u>

However, Section 50-3-302 of the Zoning Ordinance provides the right to appeal this decision to the Board of Zoning Appeals prior to the effective date of this decision. A fee may be required for an appeal to the Board of Zoning Appeals. **All appeals must be made in person at the Zoning Counter, 4th Floor, Coleman A. Young Municipal Center.**

It shall be the responsibility of the person or organization who files an appeal, or his/her duly authorized representative, to attend and testify at the Board of Zoning Appeals hearing as to why the original decision of this Department should not take effect.

**2021101574    Page 4 of 6**



BSEED Case No.:    SLU2020-00051
Property Address:  20601 Glendale
Decision Date:     February 25, 2021
Effective Date:    March 11, 2021

-3-

If no written appeal is filed prior to the effective date of this decision, the conditional approval shall be deemed final.

## NOTE: THIS LETTER IS NOT A PERMIT

If no appeal is made within the prescribed time, you must:

1. Pick up the official decision letter from the Buildings, Safety Engineering and Environmental Department, Special Land Use Office, 4th Floor, Room 407, Coleman A. Young Municipal Center.

2. Record the official decision letter with the Wayne County Register of Deeds and present proof of registration when applying for the necessary permit.

3. Submit electronically fully dimensioned, drawn to scale, final site and floor plans for the subject development prior to the issuance of the necessary permits by the Buildings, Safety Engineering and Environmental Department.

Please call or email Zoning@detroitmi.gov (on or after the effective date of this grant) before coming down to pick up your verified copy of this letter. If someone else is to secure your letter and permits, they must provide a signed and notarized letter of authorization granting them the authority to act on your behalf.

## CONDITIONS OF APPROVAL

Occupancy of the premises without full compliance with all of the following conditions is unlawful and contrary to the provisions of the Zoning Ordinance and is subject to penalties as provided in the Ordinance, which may include the revocation of this grant and/or daily fine of $250-500, for not complying with these conditions.

1. That this grant is only to establish a Medical Marihuana Grower Facility (MMGF), Medical Marihuana Processor Facility (MMPF) and Medical Marihuana Safety Compliance Facility (MMSCF) in an existing 17,641 square foot building and cannot be further expanded, enlarged, altered, or modified in any manner without the prior approval of the Buildings, Safety Engineering and Environmental Department or Board of Zoning Appeals.

2. That the owner/occupant of said premises abides by all of the provisions of the Detroit Property Maintenance Code, Article 1, Chapter 9 of the Detroit City Code. That this operation be conducted in such a manner as to not create a nuisance of any kind to the surrounding neighborhood.

3. That the parking lot shall be paved, properly drained and striped according to municipal standards.

**2021101574    Page 5 of 6**



| | |
|---|---|
| BSEED Case No.: | SLU2020-00051 |
| Property Address: | 20601 Glendale |
| Decision Date: | February 25, 2021 |
| Effective Date: | March 11, 2021 |

-4-

4.    That the building shall be painted in a neutral or earth-tone color in compliance with the development standards per Section 50-14-417(1-6), of the 2019 Detroit Zoning Ordinance.

5.    That a separate permit be obtained from DPW (Department of Public Works) for any work performed in the public right-of-way to coordinate for the repair of sidewalks surrounding the facility and that the City of Detroit design standards for sidewalks, curbs and approaches be presented in construction documents when applying for building permit.

6.    That the proper permit be secured from the Buildings, Safety Engineering and Environmental Department by **September 13, 2021**. Failure to secure such permit will thereby invalidate and terminate this grant.

7.    Failure to obtain a <u>Certificate of Occupancy</u> as herein described will nullify this special land use approval and result in enforcement action.

8.    That there be no open storage of any kind including any rubbish or debris generated by this operation. All such materials, including grease receptacles and recycling containers, shall be kept within the building until removed from the site, or be kept within the on-site masonry dumpster enclosure.

9.    That consumption of Medical Marihuana on the premises is prohibited.

10.    That accessory uses are prohibited per Section 61-12-374, adopted by Ordinance 20-18, as saved from repeal in the 2019 Detroit City Code. Therefore, the sale or display of any items unrelated to the activities authorized by the Michigan Medical Marihuana Act is not permitted.

11.    That the water source is available for the maintenance and irrigation of the landscaped areas.

12.    That the applicant shall contact the District 1 Manager in order to engage the area residents and determine when community meetings occur.

13.    That the applicant shall provide a Community Benefits Agreement for the proposed use and document the commitment to support the Mission with a minimum of 1% of revenue and volunteer time and purchase homes in the area requiring demolition, as stated at the hearing and the applicant shall file with this department at the time of applying for a building permit.

14.    That the site and adjacent rights-of-way shall be kept free of debris and in compliance with property maintenance codes.

2021101574     Page 6 of 6



BSEED Case No.:          -5-
Property Address:        SLU2020-00051
Decision Date:           20601 Glendale
Effective Date:          February 25, 2021
                         March 11, 2021

15. That where windows are provided, the windows have a clear view into the establishment.

16. That the following are prohibited from being on the exterior or any proposed signage; green crosses, the word marihuana or medical marihuana leaf symbols are not allowed on the exterior or signage.

17. That lights on signs that flash are not permitted per Section 50-14-443(2) of the Zoning Ordinance. No LED or rope lights shall be permitted on the building, signage or surrounding windows.

18. That all reasonable measures shall be taken to ensure that off-site spillover of light and nightglow are minimized to the greatest extent possible per Section 50-14-418 of the Zoning Ordinance.

19. That all signs, including temporary signs and banners, shall abide by the requirements of Article VI of the Detroit Zoning Ordinance and Chapter 4 of the Detroit City Code. A maximum of 25% of each window may be covered by signs.

20. That the proper city license be obtained from the Business License Division and renewed annually.

21. That a "Certificate of Maintenance of Grant Conditions" be obtained annually by the owner/operator of the subject premises/use; and further, that the proper application for such Certificate be filed with the Buildings, Safety Engineering and Environmental Department no later than each annual anniversary of the effective date of this grant.

Sincerely,

David Bell
Director

DB/JSP/SE

# EXHIBIT 2

116



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

## BUILDING PERMIT

| | | | |
|---|---|---|---|
| SITE ADDRESS: | **20601 GLENDALE** | PERMIT NO.: | **BLD2021-07263** |
| PARCEL NUMBER: | 22104696-700    SECTOR: | APPLIED: | 11/30/2021 |
| TYPE OF WORK: | Change of Occupancy/Use | ISSUED: | 02/03/2022 |
| ESTIMATED COST : | $93,000.00 | EXPIRES: | 08/02/2022 |
| USE: | Marijuana Processing Center | PMR No.: | **PMR2021-07555** |

PERMIT DESCRIPTION:  ESTABLISH A 3000 SQ.FT MEDICAL MARIHUANA PROCESSOR FACILITY IN EXISTING BUILDING
UNIT (B) AS PER SLU21-51. Subject to all federal, state & local executive orders.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | USE GRP: | F-1 306.2 | FL AREA: | |
| BLDG TYPE CODE: | 3B - MASONRY (FP 200) | STORIES: | 1 | GROUND AREA: | |
| BETWEEN: | Between    and | | | SIZE: | 23575.00 |
| LOT NO.: | SUBDIVISION:    22104696-700 | | | | |

| Owner | Applicant | Contractor |
|---|---|---|
| H&Z HOLDINGS LLC.<br>2213 BAILEY ST.<br>DEARBORN, MI 48124 | CPD<br>4320 Pratt Road<br>Ann Arbor, MI 48103 | |

| Fees | | | |
|---|---|---|---|
| Type | Status | Date | Amount |
| Building Permit Fee Balance (70%) | INVOICED | 02/02/2022 | $1,379.00 |
| Building Permit Deposit | INVOICED | 02/02/2022 | $591.00 |
| Electrical Plan Review Fee | INVOICED | 02/02/2022 | $78.80 |
| Mechanical Plan Review Fee | INVOICED | 02/02/2022 | $78.80 |
| Plumbing Plan Review Fee | INVOICED | 02/02/2022 | $78.80 |
| Fire Plan Review Fee | INVOICED | 02/02/2022 | $150.00 |
| | | Total: | $2,356.40 |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the permit shall
expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of
the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be
reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the
current requirements.

# EXHIBIT 3

116



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

# BUILDING PERMIT

| | | | | |
|---|---|---|---|---|
| SITE ADDRESS: | **20601 GLENDALE** | | PERMIT NO.: | **BLD2022-00668** |
| PARCEL NUMBER: | 22104696-700 | SECTOR: | APPLIED: | 02/11/2022 |
| TYPE OF WORK: | Change of Occupancy/Use | | ISSUED: | 03/21/2022 |
| ESTIMATED COST : | $60,000.00 | | EXPIRES: | 09/17/2022 |
| USE: | Marijuana Safety Compliance Facility | | PMR No.: | **PMR2022-00695** |

PERMIT DESCRIPTION:   Per SLU2021-02041, Change of Occupancy/Use to Marijuana Safety Compliance Facility in 2,871 sq ft
Suite A of a 17,641 sq ft bldg & alterations per plans. Subject to Field Approval, SLU Grant Conditions,
and all Applicable Federal, State, and Local Executive Orders.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | | USE GRP: | B-304.1 | FL AREA: |
| BLDG TYPE CODE: | 3B - MASONRY (FP 200) | | STORIES: | 1 | GROUND AREA: |
| BETWEEN: | Between | and | | SIZE: | 23575.00 |
| LOT NO.: | SUBDIVISION: | 22104696-700 | | | |

| **Owner** | **Applicant** | **Contractor** |
|---|---|---|
| H & Z HOLDINGS, LLC, <br> 26169 WEST WARREN ST. <br> DEARBORN HTS, MI 48127 | CPD <br> 4320 Pratt Road <br> Ann Arbor, MI 48103 | |

| Fees | | | |
|---|---|---|---|
| Type | Status | Date | Amount |
| Building Permit Fee Balance (70%) | INVOICED | 03/18/2022 | $917.00 |
| Building Permit Deposit | INVOICED | 03/18/2022 | $393.00 |
| Electrical Plan Review Fee | INVOICED | 03/18/2022 | $52.40 |
| Mechanical Plan Review Fee | INVOICED | 03/18/2022 | $52.40 |
| Plumbing Plan Review Fee | INVOICED | 03/18/2022 | $52.40 |
| Fire Plan Review Fee | INVOICED | 03/18/2022 | $150.00 |
| | | **Total:** | **$1,617.20** |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the code shall
expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of
the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be
reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the
current requirements.

# EXHIBIT 4



**BUILDINGS, SAFETY ENGINEERING AND ENVIRONMENTAL DEPARTMENT**

Coleman A. Young Municipal Center
2 Woodward Avenue, Fourth Floor
Detroit, Michigan 48226

Phone 313•224•2733 TTY:711
Fax 313•224•1467
www.detroitmi.gov/BSEED

BSEED Case No:    SLU2022-00156
Property Address:   20601 Glendale
Decision Date:     October 5, 2022
Effective Date:     October 19, 2022

Applicant
Cannabis Professional Design, LLC
C/o: MB City Transportation, LLC
4320 Pratt Rd.
Ann Arbor, MI 48103

Owner
H & Z Holdings, LLC
5701 Dacosta
Dearborn Heights, MI 48122

Request:     Modify BSEED SLU2020-00051 to add a 483 square foot Marijuana Secure Transporter Facility (MSTF) located in Suite C to an approved Marijuana Grower Facility (MGF), Marijuana Processor Facility (MPF) and Marijuana Safety Compliance Facility (MSCF) in an existing 17,641 square foot building.

Location:     20601 Glendale located on the southwest corner of Glendale and Patton Streets in a M4 (Intensive Industrial) Zoning District and legally described as: *W PATTON 114 THRU 119 OAKMOOR LITTLE FARMS SUB L63 P82 PLATS, W C R 22/682 23,575 SQ FT (PIN 22104696-700)*

The current legal land use of the property is 'Machine Shop' established by permit #32449 issued April 28, 1986. BSEED Case SLU2020-00051 to establish a Marijuana Grower Facility, Marijuana Processor Facility and Marijuana Safety Compliance Facility at the subject property was made effective on March 11, 2021. The following permits have been issued; BLD2021-02041 issued 12-1-21, BLD2021-07263 issued 2-3-22 and BLD2022-00668 issued 3-21-22. There are four (4) buildings, all connected with a flat roof. The total number of off-street parking spaces required four all four (4) uses is twenty-six (26) spaces. The approved site plan shows twenty-six (26) off-street parking spaces, which is sufficient, for the proposed uses.

Marijuana Secure Transporter Facilities (MSTF's), Marijuana Grower Facilities (MGF's), Marijuana Processor Facilities (MPF's) and Marijuana Safety Compliance Facilities (MSCF's) are subject to several spacing requirements per Section 50-12-132 of the Detroit Zoning Ordinance. This location is not in a drug free zone, a Gateway Radial Thoroughfare or a Traditional Main Street overlay area.

This request has been processed in accordance with the provisions of Sections 50-3-241, 50-3-535, 50-10-114(6), 50-10-114(8) and 50-10-114(9) of the Detroit Zoning

Bernard J. Youngblood
Wayne County Register of Deeds
2023047441 L: 58117 P: 410
03/13/2023 11:33 AM 2A Total Pages: 5

-2-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

Ordinance, Chapter 50 and the following submittals were considered as part of this request:

1. Preliminary Plans prepared by Cannabis Professional Design, LLC, last revised 8/8/2022 and including the following:
   a. Site Plan, Floor Plan and Elevation Plans
   b. Site Plan approved on August 23, 2022

2. Recommendation to approve with conditions from the Detroit Planning & Development Department received September 29, 2022.

Our department held a public Zoom hearing on 9/15/2022. Notice of this hearing was published in the Detroit Legal News on 8/31/2022 and mailed to 24 residents and property owners within 300' of the subject site. Besides City of Detroit representatives, people attending the hearing, the architect. There were no letters of support or opposition.

After careful consideration, the required findings of fact were made per Section 50-3-281, specifically:

A) That the proposed conditional use is consistent with the City of Detroit Master Plan future generalized land use designation of Light Industrial *(IL)*.

B) That the proposed use of the subject building will not have a negative impact on the community and the surrounding property in maintaining an active business on the site.

C) That the potentially detrimental effects of this use will be mitigated by the strict conditions of approval contained in this letter.

**Thereby, the ordinance requirements for a conditional use have been satisfied in this case and the request and site plan have been <u>APPROVED WITH CONDITIONS</u>.**

This conditional approval will become effective **<u>October 19, 2022.</u>**

However, Section 50-3-302 of the Zoning Ordinance provides the right to appeal this decision to the Board of Zoning Appeals prior to the effective date of this decision. A fee may be required for an appeal to the Board of Zoning Appeals. **All appeals must be made in person at the Zoning Counter, 4th Floor, Coleman A. Young Municipal Center.**

It shall be the responsibility of the person or organization who files an appeal, or his/her duly authorized representative, to attend and testify at the Board of Zoning Appeals hearing as to why the original decision of this Department should not take effect.

-3-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

If no written appeal is filed prior to the effective date of this decision, the conditional approval shall be deemed final.

## NOTE: THIS LETTER IS NOT A PERMIT

If no appeal is made within the prescribed time, you must:

1. Pick up the official decision letter from the Buildings, Safety Engineering and Environmental Department, Special Land Use Office, 4th Floor, Room 407, Coleman A. Young Municipal Center.

2. Record the official decision letter with the Wayne County Register of Deeds and present proof of registration when applying for the necessary permit.

3. Submit electronically fully dimensioned, drawn to scale, final site and floor plans for the subject development prior to the issuance of the necessary permits by the Buildings, Safety Engineering and Environmental Department.

Please call or email Zoning@detroitmi.gov (on or after the effective date of this grant) before coming down to pick up your verified copy of this letter. If someone else is to secure your letter and permits, they must provide a signed and notarized letter of authorization granting them the authority to act on your behalf.

## CONDITIONS OF APPROVAL

Occupancy of the premises without full compliance with all of the following conditions is unlawful and contrary to the provisions of the Zoning Ordinance and is subject to penalties as provided in the Ordinance, which may include the revocation of this grant and/or daily fine of $250-500, for not complying with these conditions.

1. That this grant is only to Modify BSEED SLU2020-00051 to add 483 square foot Marijuana Secure Transporter Facility (MSTF) located in Suite C to an approved Marijuana Grower Facility (MGF), Marijuana Processor Facility (MPF) and Marijuana Safety Compliance Facility (MSCF) in an existing 17,641 square foot building and cannot be further expanded, enlarged, altered, or modified in any manner without the prior approval of the Buildings, Safety Engineering and Environmental Department or Board of Zoning Appeals.

2. That the owner/occupant of said premises abides by all of the provisions of the Detroit Property Maintenance Code, Article 1, Chapter 8 of the Detroit City Code. That this operation be conducted in such a manner as to not create a nuisance of any kind to the surrounding neighborhood.



-4-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

3. That the parking lot shall be paved, properly drained and striped according to municipal standards.

4. That the building shall be painted in a neutral or earth-tone color in compliance with the development standards per Section 50-14-417(1-6), of the Detroit Zoning Ordinance.

5. That a separate permit be obtained from DPW (Department of Public Works) for any work performed in the public right-of-way to coordinate for the repair of sidewalks surrounding the facility and that the City of Detroit design standards for sidewalks, curbs and approaches be presented in construction documents when applying for building permit.

6. That the proper permit be secured from the Buildings, Safety Engineering and Environmental Department by **April 19, 2023**. Failure to secure such permit will thereby invalidate and terminate this grant.

7. Failure to obtain a <u>Certificate of Occupancy</u> as herein described will nullify this special land use approval and result in enforcement action.

8. That there be no open storage of any kind including any rubbish or debris generated by this operation. All such materials, including grease receptacles and recycling containers, shall be kept within the building until removed from the site, or be kept within the on-site masonry dumpster enclosure.

9. **That the applicant shall relocate the dumpster or remove a parking space so that the dumpster is accessible, and the dumpster shall be screened in accordance with Section 50-14-364 of the Detroit Zoning Ordinance.**

10. That consumption of Medical Marijuana on the premises is prohibited.

11. That the applicant shall use odor mitigation to ensure no odors are detectable outside the facilities.

12. That accessory uses are prohibited per Section 50-3-357 of the Detroit Zoning Ordinance and therefore, the sale or display of any items unrelated to the activities are not permitted.

13. That the water source is available for the maintenance and irrigation of the landscaped areas.

14. That the applicant shall continue communications with the District 1 Manager to engage the area residents and determine when community meetings occur.



-5-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

15. That the applicant shall continue to reach out to surrounding business and community leaders to coordinate services that will benefit the community.

16. That the site and adjacent rights-of-way shall be kept free of debris and in compliance with property maintenance codes.

17. That where windows are provided, the windows have a clear view into the establishment.

18. That the following are prohibited from being on the exterior or any proposed signage; green crosses, the word marihuana or medical marihuana leaf symbols are not allowed on the exterior or signage.

19. That lights on signs that flash are not permitted per Section 50-14-443(2) of the Zoning Ordinance. No LED or rope lights shall be permitted on the building, signage or surrounding windows.

20. That all reasonable measures shall be taken to ensure that off-site spillover of light and nightglow are minimized to the greatest extent possible per Section 50-14-418 of the Zoning Ordinance.

21. That all signs, including temporary signs and banners, shall abide by the requirements of Article VI of the Detroit Zoning Ordinance and Chapter 4 of the Detroit City Code. A maximum of 25% of each window may be covered by signs.

22. That the proper city license be obtained from the Business License Division and renewed annually.

23. That a "Certificate of Maintenance of Grant Conditions" be obtained annually by the owner/operator of the subject premises/use; and further, that the proper application for such Certificate be filed with the Buildings, Safety Engineering and Environmental Department no later than each annual anniversary of the effective date of this grant.

Sincerely,

David Bell
Director

DB/JSP/SE

# EXHIBIT 5

116



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

## BUILDING PERMIT

| | | | | |
|---|---|---|---|---|
| SITE ADDRESS: | **20601 GLENDALE** | | PERMIT NO.: | **BLD2023-00317** |
| PARCEL NUMBER: | 22104696-700 | SECTOR: | APPLIED: | 02/12/2023 |
| TYPE OF WORK: | Alter Revision | | ISSUED: | 03/10/2023 |
| ESTIMATED COST : | $20,000.00 | | EXPIRES: | 09/06/2023 |
| USE: | MARIJUANA PROCESSOR | | PMR No.: | **PMR2023-00690** |

PERMIT DESCRIPTION:   REVISION TO BLD2021-07263 TO SHOW TRUE SCOPE OF WORK PERFORMED. SUBJECT TO ALL APPLIABLE FEDERAL, STATE & LOCAL EXECUTIVE ORDER.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | | USE GRP: | F-1 306.2 | FL AREA: |
| BLDG TYPE CODE: | 2B - CONC/STL (FP 111) | | STORIES: | 1 | GROUND AREA: |
| BETWEEN: | Between | and | | | SIZE:   23575.00 |
| LOT NO.: | SUBDIVISION: | 22104696-700 | | | |

| **Owner** | **Applicant** | **Contractor** |
|---|---|---|
| H&Z HOLDINGS LLC. <br> 2213 BAILEY ST. <br> DEARBORN, MI 48124 | CPD <br> 4320 Pratt Road <br> Ann Arbor, MI 48103 | |

| Fees | | | |
|---|---|---|---|
| Type | Status | Date | Amount |
| Building Permit Fee | INVOICED | 03/07/2023 | $510.00 |
| Plan Revision Fee | INVOICED | 03/07/2023 | $525.00 |
| | | **Total:** | **$1,035.00** |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the code shall expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the current requirements.

# EXHIBIT 6

116



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

## BUILDING PERMIT

| | | | | |
|---|---|---|---|---|
| SITE ADDRESS: | **20601 GLENDALE** | | PERMIT NO.: | **BLD2023-00542** |
| PARCEL NUMBER: | 22104696-700 | SECTOR: | APPLIED: | 03/12/2023 |
| TYPE OF WORK: | Alteration | | ISSUED: | 05/03/2023 |
| ESTIMATED COST : | $3,000.00 | | EXPIRES: | 10/30/2023 |
| USE: | Marijuana Secure Transporter Facility | | PMR No.: | **PMR2023-01199** |

PERMIT DESCRIPTION:     Per SLU2022-00156, Modify SLU2020-00051 to Change Occupancy/Use of 483 sq ft Suite C of a 17,641 sq ft bldg to Marijuana Secure Transporter Facility per plans. Subject to Field Approval & SLU Grant Conditions.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | | USE GRP: | FL AREA: | |
| BLDG TYPE CODE: | | | STORIES:   1 | GROUND AREA: | |
| BETWEEN: | Between | and | | SIZE:   23575.00 | |
| LOT NO.: | SUBDIVISION:   22104696-700 | | | | |

| Owner | Applicant | Contractor |
|---|---|---|
| H&Z HOLDINGS LLC. 2213 BAILEY ST. DEARBORN, MI 48214 | CPD 4320 Pratt Road Ann Arbor, MI 48103 | |

| Fees | | | | |
|---|---|---|---|---|
| Type | | Status | Date | Amount |
| Building Permit Fee | | INVOICED | 05/02/2023 | $170.00 |
| Electrical Plan Review Fee | | INVOICED | 05/02/2023 | $35.00 |
| Mechanical Plan Review Fee | | INVOICED | 05/02/2023 | $35.00 |
| Plumbing Plan Review Fee | | INVOICED | 05/02/2023 | $35.00 |
| Fire Plan Review Fee | | INVOICED | 05/02/2023 | $150.00 |
| | | | **Total:** | **$425.00** |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the code shall expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the current requirements.

# EXHIBIT 7

115

### PERMIT LOCATION: 20601 GLENDALE

| | | | |
|---|---|---|---|
| **Project No.:** | PMR2023-00690 | **Legal Occupancy** | : MARIJUANA PROCESSOR |
| **Permit No.:** | BLD2023-00317 | **Bldg Type Code** | : 2B - CONC/STL (FP 111) |
| | | **Stories:** 1 | **Use Group: F-1 306.2** |
| **Issue Date:** | 09/13/2023 | **Zoning Dist.** | : M4-Intensive Industrial |
| | | **Square Feet** | : 23575.00 |
| | | **Between Streets** | : |

**Owner:**
H&Z HOLDINGS LLC.
2213 BAILEY ST.
DEARBORN, MI 48124

REVISION TO BLD2021-07263 TO SHOW TRUE SCOPE OF WORK PERFORMED. SUBJECT TO ALL
APPLIABLE FEDERAL, STATE & LOCAL EXECUTIVE ORDER.

ESTABLISH A 3000 SQ. FT MEDICAL MARIHUANA PROCESSOR FACILITY IN EXISTING BUILDING UNIT
(B) AS PER SLU21-51.

**Conditions of Occupancy:**

## CERTIFICATE OF OCCUPANCY AND COMPLIANCE



**City of Detroit**
Buildings, Safety Engineering and Environmental Department
**Building Division**
Coleman A. Young Municipal Center
2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226
(313) 224-3202

**Issued To:**                                      **Permit No: BLD2023-00317**

CPD
4320 Pratt Road
Ann Arbor, MI 48103

### PERMIT LOCATION: 20601 GLENDALE

This is to certify that the construction work or use of premises described above has been duly inspected and
is acceptable for occupancy as stated herein.

This certificate is issued in accordance with applicable Laws, Ordinances and Regulations enforced by the
various Divisions of the Buildings, Safety Engineering and Environmental Department of the City of Detroit.

It is specifically understood that this certificate becomes null and void when secured through fraud or by
reason of latent violations not ascertainable at the time of inspection or when changes in construction,
installation, or occupancy are made without Department approval.

Failure to maintain this premises in good repair shall be cause for termination of this certificate.

**David Bell**
**Director**

This law provides for subsequent inspection of these premises by this Department at any reasonable time.

**TO BE POSTED ON PREMISES**

# EXHIBIT 8



CITY OF DETROIT
Buildings, Safety Engineering and Environmental Department
Room 408 Coleman A. Young Municipal Center
2 Woodward Avenue Detroit, Michigan 48226

# NOTICE TO RESCIND CERTIFICATE OF OCCUPANCY

October 27, 2023

H & Z Holdings, LLC
2213 Bailey Street
Dearborn, Michigan 48124

To whom it may concern:

Pursuant Special Land Use Decision Letter SLU2020-00051, the City of Detroit Building, Safety, Engineering and Environmental Department ("BSEED") issued multiple building permits (Permit Nos. BLD2021-07263 and BLD 2023-00317) to establish a 3000 square foot Medical Marijuana Grower Facility and a Medical Marijuana Processor Facility at 20601 Glendale (the "Premises").

Pursuant to Section 105.6 of the Michigan Building Code, the Building Official of BSEED has determined that these permits were issued in error. Under Section 50-3-535(c) of the 2019 Detroit City Code, "a marijuana grower facility, marijuana processor facility, or marijuana secure transporter facility must not be located in a drug-free zone as defined in Sec. 50-3-533 of this Code." BSEED has determined that the Premises is located in such a drug-free zone.

Therefore, by this notice, and for the reasons stated, the Building Official of BSEED hereby **rescinds** all current Certificates of Occupancy and Certificates of Acceptance, along with all permits related to the establishment of a Marijuana Grow Facility and/or a Marijuana Processing Facility, issued in connection with the Premises.

This action shall remain in effect until the Premises is brought into compliance with the Michigan Building Code and the 2019 Detroit City Code.

*Randy Hargraves*

Mr. Randy Hargraves, Chief
Construction Division, (313) 224-9102
Buildings, Safety, Engineering and Environmental Department

cc:    CPD
        4320 Pratt Rd
        Ann Arbor, MI 48103

23-014598-AW  FILED  IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    11/9/2023 4:47 PM    Jacqueline Ruff

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

In re CANNABIS PROFESSIONAL DESIGN, LLC, a limited liability company, MB CITY TRANSPORTATION, LLC, a limited liability company, HZ DETROIT HOLDINGS 1, LLC, a limited liability company, and HZ DETROIT HOLDINGS 2, LLC, a limited liability company,

Case No. 23 -      - AW

Hon.

Plaintiffs,

v.

City of Detroit, a Michigan municipality, and DAVE BELL in his capacity as the Director of the City's Buildings, Safety Engineering, and Environmental Department, and Janice Winfrey in her capacity as the City Clerk for the City of Detroit.

Defendants.

---

**SCOTT F. ROBERTS LAW PLC**
Christine L. Constantino, Jr. (P80719)
Attorneys for Petitioner
500 Temple St., Suite 2M
Detroit, MI 48201
(248) 234-4060
christine@scottrobertslaw.com

---

1

**PLAINTIFFS' EX PARTE MOTION FOR ORDER TO SHOW CAUSE WHY A WRIT OF MANDAMUS SHOULD NOT ISSUE PURSUANT TO MCR 3.305(C)**

Plaintiffs, CANNABIS PROFESSIONAL DESIGN, LLC ("CPD"), MB CITY TRANSPORTATION, LLC ("MCT"), HZ DETROIT HOLDINGS 1, LLC ("HDH1"), HZ DETROIT HOLDINGS 2, LLC ("HDH2"), (altogether "Plaintiffs"), by and through their counsel, SCOTT F. ROBERTS LAW, PLC, and for their *Ex Parte* Motion for Order to Show Cause Why a Writ of Mandamus Should Not Issue Pursuant to MCR 3.305(c) states:

1.      Since purchasing the Property, Plaintiffs applied and were approved for the following licenses and permits (hereinafter collectively referred to as "Permits"):

    a.  Building Permit No.: BLD2021-07263 for a marijuana processing center

    b.  Building Permit No.: BLD2022-00668 for a marijuana safety and compliance facility

    c.  Building Permit No.: BLD2023-00317 for a marijuana processor

    d.  Building Permit No.: BLD2023-00542 for a marijuana secure transport facility

    e.  Electrical Permit No.: ELE2022-01027

    f.  Mechanical Permit No.: MEC2023-00128

    g.  Mechanical Permit No.: MEC2023-00129

    h.  Mechanical Permit No.: MEC2023-03930

    i.  Plumbing Permit No.: PLM2022-00478

    j.  Plumbing Permit No.: PLM2023-02542

    k.  Special Land Use Permit ("SLU"): SLU2022-00156

    l.  Special Land Use Permit ("SLU"): SLU2022-00157

m. Certificate of Occupancy and Compliance under the marijuana processor building permit, BLD2023-00317

2. In or around the end of 2020, Plaintiffs applied for, and subsequently received on March 11, 2021, conditional approval for at least one special land use permit ("SLU") from the City to begin building the Facility per their original intent for the Property.[1]

3. In order to gain full approval from the City for their SLU, Plaintiffs continued to build out the Property per the instructions received from the City in the Temporary Approval letter.[2]

4. Then, on or around February 3, 2022, the City of Detroit's Building, Safety, Engineering, and Environmental Department ("BSEED") issued the first building permit for a "marijuana processor facility" on the Property under permit number BLD2021-07263.[3]

5. On or around March 21, 2022, the BSEED issued another building permit for a "marijuana safety compliance facility" under permit number BLD2022-00668. [4]

6. On or around August 8, 2022, Plaintiffs applied for an amendment to their existing SLU to include a Marihuana Transporter License on site, which was approved by the City on or around October 19, 2022.[5]

7. On or around March 10, 2023, the City issued a building permit, BLD2023-00317, for a "marijuana processor" to operate on the Property.[6]

---

1 *See* **Exhibit 1,** Temporary SLU approval.
2 *Id.*
3 *See* **Exhibit 2,** Building permits for a marijuana processor facility at 20601 Glendale Street, Detroit, MI 48223, issued February 3, 2022.
4 *See* **Exhibit 3,** Building permits for a marijuana safety compliance facility at 20601 Glendale Street, Detroit, MI 48223, issued March 21, 2022.
5 *See* **Exhibit 4,** Approval for Amendment to SLU
6 *See* **Exhibit 5,** Building permits for a marijuana processor facility at 20601 Glendale Street, Detroit, MI 48223, issued March 10, 2023.

3

8.    Finally, the City, through the BSEED, issued the final building permit, BLD2023-00542, on the Property to include a "marijuana secure transporter facility" on or around May 3, 2023.[7]

9.    Plaintiffs submitted a request for a Certificate of Occupancy on or around August 14, 2023, which was ultimately approved on September 13, 2023, upon completion of the Facility's build out and after acquiring several other required permits, including a mechanical permit, electrical permit, and plumbing permit.[8]

10.    Plaintiffs, in reliance on both SLU approvals from the City and the Permits issued to operate a multi-use marijuana facility on the Property, invested nearly fifteen million dollars ($15,000,000.00) in the build out of the Facility.

11.    In addition to the fifteen million dollars ($15,000,000.00) invested in the Facility's build out, Plaintiffs secured agreements with biomass suppliers and IP entities to assist in the processing of cannabis grown and cultivated at the Facility in further reliance on the Permit approvals from the City. These agreements are valued in excess of twenty million dollars ($20,000,000.00). [9]

12.    However, on or around October 27, 2023, Plaintiffs received unexpected correspondence from the City which stated that based on the City's new zoning map, Plaintiffs were in violation of the City's setback provisions, which establish a minimum distance between marihuana facilities and 'drug-free' zones of one thousand (1,000) feet.[10]

---

[7] *See* **Exhibit 6,** Building permits for a marijuana secure transporter facility at 20601 Glendale Street, Detroit, MI 48223, issued May 3, 2023.

[8] *See* **Exhibit 7,** Certificate of Occupancy and Compliance Application and Approval.

[9] *Id.*

[10] *See* City of Detroit Code of Ordinances, §50-5-74, stating that the BSEED has authorization to revoke land use grants; "[t]hat the land use grant, variance or permit was approved on the basis of

4

13.     Essentially, the City determined that the new map now placed the Facility within a drug-free zone and *as a result the Facility 1) cannot maintain its already twice approved SLU, Certificate of Occupancy, and building permits; and 2) is therefore denied its business license.* This correspondence came despite Plaintiffs' years long reliance on the City's prior approvals to operate their Facility on their Property and despite their copious investments in the Property.

14.     Plaintiffs later learned that, on information and belief, a Detroit public, charter school, Detroit Community High School located at 12675 Burt Road, Detroit, MI 48223 (the "School") was the reason for the unexpected revocation of all licenses and subsequent denial of Plaintiffs business license application.

15.     On information and belief, the City's new map included the School; however, the City's former map on which it relied in granting the Property's SLUs – *twice* – did not include the School despite the School being in operation since at least 2009.

16.     As a result, on or around October 27, 2023, the City revoked all approvals for a marijuana facility to operate on the Property.[11]

17.     Decisions regarding drug-free zones are considered "absolute," according to the City's Board of Zoning Appeals ("BZA"), and an application for an appeal of these decisions is automatically waived per City Ordinance, §50-12-136.

18.     Further, unilateral revocation of all Permits, despite the entity's reliance upon those Permits, does not seem to be the City's usual policy, considering past zoning violations for

---

erroneous or misleading information or misrepresentation;" *see also*, § 50-12-132 stating the spacing restrictions of 1000 ft for drug free zones.
[11] *See* **Exhibit 8**, Revocation of Approvals at 20601 Glendale Street, Detroit, MI 48223.

already-established marijuana businesses have not resulted in the revocation of the property owners' SLUs or building permits.[13]

19.      Summarily, Plaintiffs assert that the City 'arbitrarily and capriciously' deprived Plaintiffs' of their vested property interest at 20601 Glendale Street, Detroit, MI 48233 via the revocation of its Permits, specifically and primarily, its twice-granted SLUs, several building permits, and Certificate of Occupancy.[14]

## I.      EXPLANATION FOR EXIGENT CIRCUMSTANCES

20.      Relying on representations from the BSEED that its proposed marijuana business complied with the requirements necessary to operate a marijuana business in the City of Detroit, Plaintiff have expended significant resources in building out the property located at 20601 Glendale Street, Detroit, MI 48233. Additionally, in preparation for operating the business Plaintiffs made numerous oral agreements[15] and has hired over a dozen employees who are expecting to begin working soon. Consequently, Plaintiffs respectfully request that the proceedings be expedited as much as possible so that this Court can issue its decision in time to allow Plaintiffs to realize the value of its investment and not deprive the people who were to work at the Facility their opportunity for gainful employment.

---

[13] *Id.*

[14] *Naturale & Co v. City of Hamtramck*, 614 F. Supp. 3d 575, 579 (E.D. Mich., 2022) quoting *Tri-Corp Mgt. Co. v. Praznik*, 33 F. App'x 742, 747 (6th Cir. 2002) (citing *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992), which states "[t]o state a substantive due process claim in the context of land use regulations, a Petitioner must establish that (1) a constitutionally protected property or liberty interest exists and (2) that constitutionally protected interest has been deprived through arbitrary and capricious action. (emphasis added).

[15] State law does not permit a contract involving marijuana businesses to be signed by an entity that does not have a state issued marijuana license and Plaintiffs need the City's approval to get the state license.

21.     Due to the exigent circumstances presented herein, Plaintiffs cannot exhaust any possible administrative remedies that may be available including an appeal to the Board of Zoning Authority. Due to the schedule of the Board of Zoning meetings and the notice required by same, Plaintiffs believe that the earliest possible regular meeting that may hear this issue is February 12, 2024.  In the event of a special meeting, the earliest that Plaintiffs anticipate that same could be heard is December 18, 2023.  Therefore, Plaintiffs cannot seek alternative remedies through the Board of Zoning Appeals without incurring further damages and irreparable harm.

22.     As such, Plaintiffs respectfully request that these proceedings be expedited as much as possible so that this Court can issue its decision (and one or more parties may appeal) to obviate additional damages to Plaintiffs.

23.     Plaintiffs respectfully request an immediate hearing on its Complaint and further requests that this Court adjudicate this dispute with all due and deliberate speed.

24.     A Proposed Order to Show Cause is submitted herewith as **Exhibit A**.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A.     Issue an order directing Defendants to appear before this Honorable Court to Show Cause Why a Writ of Mandamus Should Not Issue as requested in Plaintiffs' Complaint.

B.     Issue an order directing Defendants to answer and respond to Plaintiffs' Complaint.

C.     Order any and all such other relief as justice may so require.

Respectfully submitted,

**SCOTT ROBERTS LAW, PLC**

Dated:  November 8, 2023     /s/ Christine L. Constantino, Jr.
Christine L. Constantino, Jr. (P80719)

7

Attorneys for Plaintiffs
SCOTT F. ROBERTS LAW PLC
500 Temple St., Suite 2M
Detroit, MI 48201
(248) 234-4060

8

# EXHIBIT 1

2021101574   Page 2 of 6

DEPARTMENT OF
**Buildings, Safety Engineering &**
**Environmental**

CITY OF
**DETROIT**

Coleman A. Young Municipal Center    Phone 313-224-2733 TTY:711
2 Woodward Avenue, Fourth Floor     Fax 313-224-1467
Detroit, Michigan, 48226            www.detroitmi.gov

BSEED Case No:      SLU2020-00051
Property Address:   20601 Glendale
Decision Date:      February 25, 2021
Effective Date:     March 11, 2021

Applicant
HZ Detroit Holding 1 & 2, LLC
Healthy Labs LLC
Michael Beydoun
4320 Pratt Rd.
Ann Arbor, MI 48103

Owner
Nissen Associates, LLC
24511 Harding Ave.
Oak Park, MI 48237

Request:          Establish a Medical Marihuana Grower Facility (MMGF), Medical
                  Marihuana Processor Facility (MMPF) and Medical Marihuana
                  Safety Compliance Facility (MMSCF) in an existing 17,641 square
                  foot building.

Location:         20601 Glendale located on the southwest corner of Glendale and
                  Patton Streets in a M4 (Intensive Industrial) Zoning District and
                  legally described as: *W PATTON 114 THRU 119 OAKMOOR LITTLE*
                  *FARMS SUB L63 P82 PLATS, W C R 22/682 23,575 SQ FT (PIN*
                  *22104696-700)*

The current legal land use of the property is 'Machine Shop' established by permit
#32449 issued April 28, 1986. There are four (4) buildings, all connected with a flat
roofs. The total number of off street parking spaces required is twenty-five (25) spaces
for all three uses. The approved site plan shows twenty-six (26) off-street parking spaces,
which is sufficient, for the proposed uses. **NOTE: Applicant has a request to vacate**
**Patton Street at Glendale and to vacate 18 foot wide alley to west with Department**
**of Public Works (DPW-City Engineering Division).**

Medical Marihuana Grower Facilities (MMGF's), Medical Marihuana Processor Facilities
(MMPF's) and Medical Marihuana Safety Compliance Facilities (MMSCF's) are subject to
several spacing requirements per Section 61-3-355(a) (1) by Ordinance 20-18, as saved
from repeal in the 2019 Detroit City Code. This location is not in a drug free zone, a
Gateway Radial Thoroughfare or a Traditional Main Street overlay area.

This request has been processed in accordance with the provisions of Sections 50-3-241,
61-3-355(a)(1), 61-10-64(8) and 61-12-80 adopted by Ordinance 20-18, as saved from
repeal in the 2019 Detroit City Code and the following submittals were considered as part
of this request:



| | |
|---|---|
| BSEED Case No.: | -2-<br>SLU2020-00051 |
| Property Address: | 20601 Glendale |
| Decision Date: | February 25, 2021 |
| Effective Date: | March 11, 2021 |

1. Preliminary Plans prepared by Cannabis Professional Design, LLC, last revised 12/17/2020 and including the following:
   a. Site Plan, Floor Plan and Elevation Plans

2. Recommendation to approve with conditions from the Detroit Planning & Development Department received November 16, 2020.

3. Recommendation from the Medical Marihuana Review Committee received June 30, 2020.

Our department held a public Zoom hearing on 10/29/2020. Notice of this hearing was published in the Detroit Legal News on 10/14/2020 and mailed to 34 residents and property owners within 300' of the subject site. . Besides City of Detroit representatives, people attending the hearing, the property owner, the architect and testing facility operator. There were no letters of support or opposition.

After careful consideration, the required findings of fact were made per Section 50-3-281, specifically:

A) That the proposed conditional use is consistent with the City of Detroit Master Plan future generalized land use designation of Light Industrial *(IL)*.

B) That the proposed use of the subject building will not have a negative impact on the community and the surrounding property in maintaining an active business on the site.

C) That the potentially detrimental effects of this use will be mitigated by the strict conditions of approval contained in this letter.

**Thereby, the ordinance requirements for a conditional use have been satisfied in this case and the request and site plan have been <u>APPROVED WITH CONDITIONS</u>.**

This conditional approval will become effective **<u>March 11, 2021.</u>**

However, Section 50-3-302 of the Zoning Ordinance provides the right to appeal this decision to the Board of Zoning Appeals prior to the effective date of this decision. A fee may be required for an appeal to the Board of Zoning Appeals. **All appeals must be made in person at the Zoning Counter, 4th Floor, Coleman A. Young Municipal Center.**

It shall be the responsibility of the person or organization who files an appeal, or his/her duly authorized representative, to attend and testify at the Board of Zoning Appeals hearing as to why the original decision of this Department should not take effect.

2021101574    Page 4 of 6



BSEED Case No.:        -3-
Property Address:      SLU2020-00051
Decision Date:         20601 Glendale
Effective Date:        February 25, 2021
                       March 11, 2021

If no written appeal is filed prior to the effective date of this decision, the conditional approval shall be deemed final.

### NOTE: THIS LETTER IS NOT A PERMIT

If no appeal is made within the prescribed time, you must:

1. Pick up the official decision letter from the Buildings, Safety Engineering and Environmental Department, Special Land Use Office, 4th Floor, Room 407, Coleman A. Young Municipal Center.

2. Record the official decision letter with the Wayne County Register of Deeds and present proof of registration when applying for the necessary permit.

3. Submit electronically fully dimensioned, drawn to scale, final site and floor plans for the subject development prior to the issuance of the necessary permits by the Buildings, Safety Engineering and Environmental Department.

Please call or email Zoning@detroitmi.gov (on or after the effective date of this grant) before coming down to pick up your verified copy of this letter. If someone else is to secure your letter and permits, they must provide a signed and notarized letter of authorization granting them the authority to act on your behalf.

### CONDITIONS OF APPROVAL

Occupancy of the premises without full compliance with all of the following conditions is unlawful and contrary to the provisions of the Zoning Ordinance and is subject to penalties as provided in the Ordinance, which may include the revocation of this grant and/or daily fine of $250-500, for not complying with these conditions.

1. That this grant is only to establish a Medical Marihuana Grower Facility (MMGF), Medical Marihuana Processor Facility (MMPF) and Medical Marihuana Safety Compliance Facility (MMSCF) in an existing 17,641 square foot building and cannot be further expanded, enlarged, altered, or modified in any manner without the prior approval of the Buildings, Safety Engineering and Environmental Department or Board of Zoning Appeals.

2. That the owner/occupant of said premises abides by all of the provisions of the Detroit Property Maintenance Code, Article 1, Chapter 9 of the Detroit City Code. That this operation be conducted in such a manner as to not create a nuisance of any kind to the surrounding neighborhood.

3. That the parking lot shall be paved, properly drained and striped according to municipal standards.

**2021101574    Page 5 of 6**



BSEED Case No.:  -4-
Property Address:  SLU2020-00051
Decision Date:  20601 Glendale
Effective Date:  February 25, 2021
March 11, 2021

4. That the building shall be painted in a neutral or earth-tone color in compliance with the development standards per Section 50-14-417(1-6), of the 2019 Detroit Zoning Ordinance.

5. That a separate permit be obtained from DPW (Department of Public Works) for any work performed in the public right-of-way to coordinate for the repair of sidewalks surrounding the facility and that the City of Detroit design standards for sidewalks, curbs and approaches be presented in construction documents when applying for building permit.

6. That the proper permit be secured from the Buildings, Safety Engineering and Environmental Department by **September 13, 2021**. Failure to secure such permit will thereby invalidate and terminate this grant.

7. Failure to obtain a <u>Certificate of Occupancy</u> as herein described will nullify this special land use approval and result in enforcement action.

8. That there be no open storage of any kind including any rubbish or debris generated by this operation. All such materials, including grease receptacles and recycling containers, shall be kept within the building until removed from the site, or be kept within the on-site masonry dumpster enclosure.

9. That consumption of Medical Marihuana on the premises is prohibited.

10. That accessory uses are prohibited per Section 61-12-374, adopted by Ordinance 20-18, as saved from repeal in the 2019 Detroit City Code. Therefore, the sale or display of any items unrelated to the activities authorized by the Michigan Medical Marihuana Act is not permitted.

11. That the water source is available for the maintenance and irrigation of the landscaped areas.

12. That the applicant shall contact the District 1 Manager in order to engage the area residents and determine when community meetings occur.

13. That the applicant shall provide a Community Benefits Agreement for the proposed use and document the commitment to support the Mission with a minimum of 1% of revenue and volunteer time and purchase homes in the area requiring demolition, as stated at the hearing and the applicant shall file with this department at the time of applying for a building permit.

14. That the site and adjacent rights-of-way shall be kept free of debris and in compliance with property maintenance codes.

**2021101574     Page 6 of 6**



BSEED Case No.:        -5-
Property Address:      SLU2020-00051
Decision Date:         20601 Glendale
Effective Date:        February 25, 2021
                       March 11, 2021

15.   That where windows are provided, the windows have a clear view into the establishment.

16.   That the following are prohibited from being on the exterior or any proposed signage; green crosses, the word marihuana or medical marihuana leaf symbols are not allowed on the exterior or signage.

17.   That lights on signs that flash are not permitted per Section 50-14-443(2) of the Zoning Ordinance. No LED or rope lights shall be permitted on the building, signage or surrounding windows.

18.   That all reasonable measures shall be taken to ensure that off-site spillover of light and nightglow are minimized to the greatest extent possible per Section 50-14-418 of the Zoning Ordinance.

19.   That all signs, including temporary signs and banners, shall abide by the requirements of Article VI of the Detroit Zoning Ordinance and Chapter 4 of the Detroit City Code. A maximum of 25% of each window may be covered by signs.

20.   That the proper city license be obtained from the Business License Division and renewed annually.

21.   That a "Certificate of Maintenance of Grant Conditions" be obtained annually by the owner/operator of the subject premises/use; and further, that the proper application for such Certificate be filed with the Buildings, Safety Engineering and Environmental Department no later than each annual anniversary of the effective date of this grant.

Sincerely,

David Bell
Director

DB/JSP/SE

# EXHIBIT 2

116



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

## BUILDING PERMIT

| | | | | |
|---|---|---|---|---|
| **SITE ADDRESS:** | **20601 GLENDALE** | | PERMIT NO.: | **BLD2021-07263** |
| PARCEL NUMBER: | 22104696-700 | SECTOR: | APPLIED: | 11/30/2021 |
| TYPE OF WORK: | Change of Occupancy/Use | | ISSUED: | 02/03/2022 |
| ESTIMATED COST : | $93,000.00 | | EXPIRES: | 08/02/2022 |
| USE: | Marijuana Processing Center | | PMR No.: | **PMR2021-07555** |

PERMIT DESCRIPTION:   ESTABLISH A 3000 SQ.FT MEDICAL MARIHUANA PROCESSOR FACILITY IN EXISTING BUILDING
UNIT (B) AS PER SLU21-51. Subject to all federal, state & local executive orders.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | | USE GRP: | F-1 306.2 | FL AREA: |
| BLDG TYPE CODE: | 3B - MASONRY (FP 200) | | STORIES: | 1 | GROUND AREA: |
| BETWEEN: | Between | and | | | SIZE: 23575.00 |
| LOT NO.: | SUBDIVISION: 22104696-700 | | | | |

| **Owner** | **Applicant** | **Contractor** |
|---|---|---|
| H&Z HOLDINGS LLC. | CPD | |
| 2213 BAILEY ST. | 4320 Pratt Road | |
| DEARBORN, MI 48124 | Ann Arbor, MI 48103 | |

| Fees | | | |
|---|---|---|---|
| Type | Status | Date | Amount |
| Building Permit Fee Balance (70%) | INVOICED | 02/02/2022 | $1,379.00 |
| Building Permit Deposit | INVOICED | 02/02/2022 | $591.00 |
| Electrical Plan Review Fee | INVOICED | 02/02/2022 | $78.80 |
| Mechanical Plan Review Fee | INVOICED | 02/02/2022 | $78.80 |
| Plumbing Plan Review Fee | INVOICED | 02/02/2022 | $78.80 |
| Fire Plan Review Fee | INVOICED | 02/02/2022 | $150.00 |
| | | **Total:** | **$2,356.40** |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the code shall
expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of
the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be
reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the
current requirements.

# EXHIBIT 3

116

**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

Buildings, Safety Engineering
& Environmental Department
CITY OF
DETROIT

# BUILDING PERMIT

| | | | |
|---|---|---|---|
| **SITE ADDRESS:** | **20601 GLENDALE** | | PERMIT NO.: **BLD2022-00668** |
| PARCEL NUMBER: | 22104696-700    SECTOR: | | APPLIED: 02/11/2022 |
| TYPE OF WORK: | Change of Occupancy/Use | | ISSUED: 03/21/2022 |
| ESTIMATED COST : | $60,000.00 | | EXPIRES: 09/17/2022 |
| USE: | Marijuana Safety Compliance Facility | | PMR No.: **PMR2022-00695** |

PERMIT DESCRIPTION:     Per SLU2021-02041, Change of Occupancy/Use to Marijuana Safety Compliance Facility in 2,871 sq ft
Suite A of a 17,641 sq ft bldg & alterations per plans. Subject to Field Approval, SLU Grant Conditions,
and all Applicable Federal, State, and Local Executive Orders.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | | USE GRP: | B-304.1 | FL AREA: |
| BLDG TYPE CODE: | 3B - MASONRY (FP 200) | | STORIES: | 1 | GROUND AREA: |
| BETWEEN: | Between | and | | | SIZE: 23575.00 |
| LOT NO.: | SUBDIVISION: | 22104696-700 | | | |

| Owner | Applicant | Contractor |
|---|---|---|
| H & Z HOLDINGS, LLC, <br> 26169 WEST WARREN ST. <br> DEARBORN HTS, MI 48127 | CPD <br> 4320 Pratt Road <br> Ann Arbor, MI 48103 | |

| Fees | | | |
|---|---|---|---|
| Type | Status | Date | Amount |
| Building Permit Fee Balance (70%) | INVOICED | 03/18/2022 | $917.00 |
| Building Permit Deposit | INVOICED | 03/18/2022 | $393.00 |
| Electrical Plan Review Fee | INVOICED | 03/18/2022 | $52.40 |
| Mechanical Plan Review Fee | INVOICED | 03/18/2022 | $52.40 |
| Plumbing Plan Review Fee | INVOICED | 03/18/2022 | $52.40 |
| Fire Plan Review Fee | INVOICED | 03/18/2022 | $150.00 |
| | | **Total:** | **$1,617.20** |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the code shall expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the current requirements.

# EXHIBIT 4





**BUILDINGS, SAFETY ENGINEERING AND ENVIRONMENTAL DEPARTMENT**

Coleman A. Young Municipal Center
2 Woodward Avenue, Fourth Floor
Detroit, Michigan 48226

Phone 313•224•2733 TTY:711
Fax 313•224•1467
www.detroitmi.gov/BSEED

BSEED Case No:     SLU2022-00156
Property Address:  20601 Glendale
Decision Date:     October 5, 2022
Effective Date:    October 19, 2022

Applicant
Cannabis Professional Design, LLC
C/o: MB City Transportation, LLC
4320 Pratt Rd.
Ann Arbor, MI 48103

Owner
H & Z Holdings, LLC
5701 Dacosta
Dearborn Heights, MI 48122

| Request: | Modify BSEED SLU2020-00051 to add a 483 square foot Marijuana Secure Transporter Facility (MSTF) located in Suite C to an approved Marijuana Grower Facility (MGF), Marijuana Processor Facility (MPF) and Marijuana Safety Compliance Facility (MSCF) in an existing 17,641 square foot building. |
|---|---|
| Location: | 20601 Glendale located on the southwest corner of Glendale and Patton Streets in a M4 (Intensive Industrial) Zoning District and legally described as: *W PATTON 114 THRU 119 OAKMOOR LITTLE FARMS SUB L63 P82 PLATS, W C R 22/682 23,575 SQ FT (PIN 22104696-700)* |

The current legal land use of the property is 'Machine Shop' established by permit #32449 issued April 28, 1986.  BSEED Case SLU2020-00051 to establish a Marijuana Grower Facility, Marijuana Processor Facility and Marijuana Safety Compliance Facility at the subject property was made effective on March 11, 2021. The following permits have been issued; BLD2021-02041 issued 12-1-21, BLD2021-07263 issued 2-3-22 and BLD2022-00668 issued 3-21-22. There are four (4) buildings, all connected with a flat roof. The total number of off-street parking spaces required four all four (4) uses is twenty-six (26) spaces. The approved site plan shows twenty-six (26) off-street parking spaces, which is sufficient, for the proposed uses.

Marijuana Secure Transporter Facilities (MSTF's), Marijuana Grower Facilities (MGF's), Marijuana Processor Facilities (MPF's) and Marijuana Safety Compliance Facilities (MSCF's) are subject to several spacing requirements per Section 50-12-132 of the Detroit Zoning Ordinance. This location is not in a drug free zone, a Gateway Radial Thoroughfare or a Traditional Main Street overlay area.

This request has been processed in accordance with the provisions of Sections 50-3-241, 50-3-535, 50-10-114(6), 50-10-114(8) and 50-10-114(9) of the Detroit Zoning

Bernard J. Youngblood
Wayne County Register of Deeds
2023047441    L: 58117  P: 410
03/13/2023  11:33 AM   2A   Total Pages: 5

-2-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

Ordinance, Chapter 50 and the following submittals were considered as part of this request:

1.  Preliminary Plans prepared by Cannabis Professional Design, LLC, last revised 8/8/2022 and including the following:
    a.  Site Plan, Floor Plan and Elevation Plans
    b.  Site Plan approved on August 23, 2022

2.  Recommendation to approve with conditions from the Detroit Planning & Development Department received September 29, 2022.

Our department held a public Zoom hearing on 9/15/2022. Notice of this hearing was published in the Detroit Legal News on 8/31/2022 and mailed to 24 residents and property owners within 300' of the subject site.  Besides City of Detroit representatives, people attending the hearing, the architect. There were no letters of support or opposition.

After careful consideration, the required findings of fact were made per Section 50-3-281, specifically:

A)  That the proposed conditional use is consistent with the City of Detroit Master Plan future generalized land use designation of Light Industrial *(IL)*.

B)  That the proposed use of the subject building will not have a negative impact on the community and the surrounding property in maintaining an active business on the site.

C)  That the potentially detrimental effects of this use will be mitigated by the strict conditions of approval contained in this letter.

**Thereby, the ordinance requirements for a conditional use have been satisfied in this case and the request and site plan have been APPROVED WITH CONDITIONS.**

This conditional approval will become effective **October 19, 2022.**

However, Section 50-3-302 of the Zoning Ordinance provides the right to appeal this decision to the Board of Zoning Appeals prior to the effective date of this decision. A fee may be required for an appeal to the Board of Zoning Appeals. **All appeals must be made in person at the Zoning Counter, 4th Floor, Coleman A. Young Municipal Center.**

It shall be the responsibility of the person or organization who files an appeal, or his/her duly authorized representative, to attend and testify at the Board of Zoning Appeals hearing as to why the original decision of this Department should not take effect.

-3-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

If no written appeal is filed prior to the effective date of this decision, the conditional approval shall be deemed final.

### NOTE: THIS LETTER IS NOT A PERMIT

If no appeal is made within the prescribed time, you must:

1. Pick up the official decision letter from the Buildings, Safety Engineering and Environmental Department, Special Land Use Office, 4th Floor, Room 407, Coleman A. Young Municipal Center.

2. Record the official decision letter with the Wayne County Register of Deeds and present proof of registration when applying for the necessary permit.

3. Submit electronically fully dimensioned, drawn to scale, final site and floor plans for the subject development prior to the issuance of the necessary permits by the Buildings, Safety Engineering and Environmental Department.

Please call or email Zoning@detroitmi.gov (on or after the effective date of this grant) before coming down to pick up your verified copy of this letter. If someone else is to secure your letter and permits, they must provide a signed and notarized letter of authorization granting them the authority to act on your behalf.

### CONDITIONS OF APPROVAL

Occupancy of the premises without full compliance with all of the following conditions is unlawful and contrary to the provisions of the Zoning Ordinance and is subject to penalties as provided in the Ordinance, which may include the revocation of this grant and/or daily fine of $250-500, for not complying with these conditions.

1. That this grant is only to Modify BSEED SLU2020-00051 to add 483 square foot Marijuana Secure Transporter Facility (MSTF) located in Suite C to an approved Marijuana Grower Facility (MGF), Marijuana Processor Facility (MPF) and Marijuana Safety Compliance Facility (MSCF) in an existing 17,641 square foot building and cannot be further expanded, enlarged, altered, or modified in any manner without the prior approval of the Buildings, Safety Engineering and Environmental Department or Board of Zoning Appeals.

2. That the owner/occupant of said premises abides by all of the provisions of the Detroit Property Maintenance Code, Article 1, Chapter 8 of the Detroit City Code. That this operation be conducted in such a manner as to not create a nuisance of any kind to the surrounding neighborhood.

-4-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

3.   That the parking lot shall be paved, properly drained and striped according to municipal standards.

4.   That the building shall be painted in a neutral or earth-tone color in compliance with the development standards per Section 50-14-417(1-6), of the Detroit Zoning Ordinance.

5.   That a separate permit be obtained from DPW (Department of Public Works) for any work performed in the public right-of-way to coordinate for the repair of sidewalks surrounding the facility and that the City of Detroit design standards for sidewalks, curbs and approaches be presented in construction documents when applying for building permit.

6.   That the proper permit be secured from the Buildings, Safety Engineering and Environmental Department by **April 19, 2023**. Failure to secure such permit will thereby invalidate and terminate this grant.

7.   Failure to obtain a <u>Certificate of Occupancy</u> as herein described will nullify this special land use approval and result in enforcement action.

8.   That there be no open storage of any kind including any rubbish or debris generated by this operation. All such materials, including grease receptacles and recycling containers, shall be kept within the building until removed from the site, or be kept within the on-site masonry dumpster enclosure.

9.   **That the applicant shall relocate the dumpster or remove a parking space so that the dumpster is accessible, and the dumpster shall be screened in accordance with Section 50-14-364 of the Detroit Zoning Ordinance.**

10.  That consumption of Medical Marijuana on the premises is prohibited.

11.  That the applicant shall use odor mitigation to ensure no odors are detectable outside the facilities.

12.  That accessory uses are prohibited per Section 50-3-357 of the Detroit Zoning Ordinance and therefore, the sale or display of any items unrelated to the activities are not permitted.

13.  That the water source is available for the maintenance and irrigation of the landscaped areas.

14.  That the applicant shall continue communications with the District 1 Manager to engage the area residents and determine when community meetings occur.



-5-

| | |
|---|---|
| BSEED Case No.: | SLU2022-00156 |
| Property Address: | 20601 Glendale |
| Decision Date: | October 5, 2022 |
| Effective Date: | October 19, 2022 |

15. That the applicant shall continue to reach out to surrounding business and community leaders to coordinate services that will benefit the community.

16. That the site and adjacent rights-of-way shall be kept free of debris and in compliance with property maintenance codes.

17. That where windows are provided, the windows have a clear view into the establishment.

18. That the following are prohibited from being on the exterior or any proposed signage; green crosses, the word marihuana or medical marihuana leaf symbols are not allowed on the exterior or signage.

19. That lights on signs that flash are not permitted per Section 50-14-443(2) of the Zoning Ordinance. No LED or rope lights shall be permitted on the building, signage or surrounding windows.

20. That all reasonable measures shall be taken to ensure that off-site spillover of light and nightglow are minimized to the greatest extent possible per Section 50-14-418 of the Zoning Ordinance.

21. That all signs, including temporary signs and banners, shall abide by the requirements of Article VI of the Detroit Zoning Ordinance and Chapter 4 of the Detroit City Code. A maximum of 25% of each window may be covered by signs.

22. That the proper city license be obtained from the Business License Division and renewed annually.

23. That a "Certificate of Maintenance of Grant Conditions" be obtained annually by the owner/operator of the subject premises/use; and further, that the proper application for such Certificate be filed with the Buildings, Safety Engineering and Environmental Department no later than each annual anniversary of the effective date of this grant.

Sincerely,

David Bell
Director

DB/JSP/SE

# EXHIBIT 5

116



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

# BUILDING PERMIT

| | | | | |
|---|---|---|---|---|
| SITE ADDRESS: | **20601 GLENDALE** | | PERMIT NO.: | **BLD2023-00317** |
| PARCEL NUMBER: | 22104696-700 | SECTOR: | APPLIED: | 02/12/2023 |
| TYPE OF WORK: | Alter Revision | | ISSUED: | 03/10/2023 |
| ESTIMATED COST : | $20,000.00 | | EXPIRES: | 09/06/2023 |
| USE: | MARIJUANA PROCESSOR | | PMR No.: | **PMR2023-00690** |

PERMIT DESCRIPTION:    REVISION TO BLD2021-07263 TO SHOW TRUE SCOPE OF WORK PERFORMED. SUBJECT TO
ALL APPLIABLE FEDERAL, STATE & LOCAL EXECUTIVE ORDER.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | | USE GRP: | F-1 306.2 | FL AREA: |
| BLDG TYPE CODE: | 2B - CONC/STL (FP 111) | | STORIES: | 1 | GROUND AREA: |
| BETWEEN: | Between | and | | | SIZE: 23575.00 |
| LOT NO.: | SUBDIVISION: 22104696-700 | | | | |

| Owner | Applicant | Contractor |
|---|---|---|
| H&Z HOLDINGS LLC. 2213 BAILEY ST. DEARBORN, MI 48124 | CPD 4320 Pratt Road Ann Arbor, MI 48103 | |

| Fees | | | |
|---|---|---|---|
| Type | Status | Date | Amount |
| Building Permit Fee | INVOICED | 03/07/2023 | $510.00 |
| Plan Revision Fee | INVOICED | 03/07/2023 | $525.00 |
| | | **Total:** | **$1,035.00** |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the code shall expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the current requirements.

# EXHIBIT 6

116



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Building Division**
**Coleman A. Young Municipal Center**
**2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226**
**(313) 224-3202**

# BUILDING PERMIT

| | | | | |
|---|---|---|---|---|
| SITE ADDRESS: | **20601 GLENDALE** | | PERMIT NO.: | **BLD2023-00542** |
| PARCEL NUMBER: | 22104696-700 | SECTOR: | APPLIED: | 03/12/2023 |
| TYPE OF WORK: | Alteration | | ISSUED: | 05/03/2023 |
| ESTIMATED COST : | $3,000.00 | | EXPIRES: | 10/30/2023 |
| USE: | Marijuana Secure Transporter Facility | | PMR No.: | **PMR2023-01199** |

PERMIT DESCRIPTION:   Per SLU2022-00156, Modify SLU2020-00051 to Change Occupancy/Use of 483 sq ft Suite C of a 17,641 sq ft bldg to Marijuana Secure Transporter Facility per plans. Subject to Field Approval & SLU Grant Conditions.

| | | | | | |
|---|---|---|---|---|---|
| ZONING DISTRICT: | M4-Intensive Industrial | | USE GRP: | FL AREA: | |
| BLDG TYPE CODE: | | | STORIES: 1 | GROUND AREA: | |
| BETWEEN: | Between | and | | SIZE: | 23575.00 |
| LOT NO.: | SUBDIVISION: | 22104696-700 | | | |

| Owner | Applicant | Contractor |
|---|---|---|
| H&Z HOLDINGS LLC.<br>2213 BAILEY ST.<br>DEARBORN, MI 48214 | CPD<br>4320 Pratt Road<br>Ann Arbor, MI 48103 | |

| Fees | | | |
|---|---|---|---|
| Type | Status | Date | Amount |
| Building Permit Fee | INVOICED | 05/02/2023 | $170.00 |
| Electrical Plan Review Fee | INVOICED | 05/02/2023 | $35.00 |
| Mechanical Plan Review Fee | INVOICED | 05/02/2023 | $35.00 |
| Plumbing Plan Review Fee | INVOICED | 05/02/2023 | $35.00 |
| Fire Plan Review Fee | INVOICED | 05/02/2023 | $150.00 |
| | | Total: | $425.00 |

Please be advised per the **2015** Michigan Building Code: Each permit issued by the code official under the provisions of the code shall expire by limitation and become null and void if the work authorized by the permit has not begun within 180 days from the issued date of the permit or if not inspected, after the work has begun for a period of 180 days. Before the work may be restarted, the permit shall be reinstated if the code has not changed. If the code has changed and the work was not started, a new permit is required based on the current requirements.

# EXHIBIT 7

115

## PERMIT LOCATION: 20601 GLENDALE

| | | | |
|---|---|---|---|
| **Project No.:** | PMR2023-00690 | **Legal Occupancy** | : MARIJUANA PROCESSOR |
| **Permit No.:** | BLD2023-00317 | **Bldg Type Code** | : 2B - CONC/STL (FP 111) |
| | | **Stories:** 1 | **Use Group: F-1 306.2** |
| **Issue Date:** | 09/13/2023 | **Zoning Dist.** | : M4-Intensive Industrial |
| | | **Square Feet** | : 23575.00 |
| | | **Between Streets** | : |

**Owner:**
H&Z HOLDINGS LLC.
2213 BAILEY ST.
DEARBORN, MI 48124

REVISION TO BLD2021-07263 TO SHOW TRUE SCOPE OF WORK PERFORMED. SUBJECT TO ALL
APPLIABLE FEDERAL, STATE & LOCAL EXECUTIVE ORDER.

ESTABLISH A 3000 SQ. FT MEDICAL MARIHUANA PROCESSOR FACILITY IN EXISTING BUILDING UNIT
(B) AS PER SLU21-51.

**Conditions of Occupancy:**

# CERTIFICATE OF OCCUPANCY AND COMPLIANCE



**City of Detroit**

**Buildings, Safety Engineering and Environmental Department**

**Building Division**

Coleman A. Young Municipal Center

2 Woodward Avenue, 4th Floor, Suite 408, Detroit, Michigan 48226

(313) 224-3202

**Issued To:**                                                                 **Permit No: BLD2023-00317**

CPD
4320 Pratt Road
Ann Arbor, MI 48103

## PERMIT LOCATION: 20601 GLENDALE

This is to certify that the construction work or use of premises described above has been duly inspected and
is acceptable for occupancy as stated herein.

This certificate is issued in accordance with applicable Laws, Ordinances and Regulations enforced by the
various Divisions of the Buildings, Safety Engineering and Environmental Department of the City of Detroit.

It is specifically understood that this certificate becomes null and void when secured through fraud or by
reason of latent violations not ascertainable at the time of inspection or when changes in construction,
installation, or occupancy are made without Department approval.

Failure to maintain this premises in good repair shall be cause for termination of this certificate.

**David Bell**
**Director**

This law provides for subsequent inspection of these premises by this Department at any reasonable time.

**TO BE POSTED ON PREMISES**

# EXHIBIT 8



CITY OF DETROIT
Buildings, Safety Engineering and Environmental Department
Room 408 Coleman A. Young Municipal Center
2 Woodward Avenue Detroit, Michigan 48226

# NOTICE TO RESCIND CERTIFICATE OF OCCUPANCY

October 27, 2023

H & Z Holdings, LLC
2213 Bailey Street
Dearborn, Michigan 48124

To whom it may concern:

Pursuant Special Land Use Decision Letter SLU2020-00051, the City of Detroit Building, Safety, Engineering and Environmental Department ("BSEED") issued multiple building permits (Permit Nos. BLD2021-07263 and BLD 2023-00317) to establish a 3000 square foot Medical Marijuana Grower Facility and a Medical Marijuana Processor Facility at 20601 Glendale (the "Premises").

Pursuant to Section 105.6 of the Michigan Building Code, the Building Official of BSEED has determined that these permits were issued in error. Under Section 50-3-535(c) of the 2019 Detroit City Code, "a marijuana grower facility, marijuana processor facility, or marijuana secure transporter facility must not be located in a drug-free zone as defined in Sec. 50-3-533 of this Code." BSEED has determined that the Premises is located in such a drug-free zone.

Therefore, by this notice, and for the reasons stated, the Building Official of BSEED hereby **rescinds** all current Certificates of Occupancy and Certificates of Acceptance, along with all permits related to the establishment of a Marijuana Grow Facility and/or a Marijuana Processing Facility, issued in connection with the Premises.

This action shall remain in effect until the Premises is brought into compliance with the Michigan Building Code and the 2019 Detroit City Code.

*Randy Hargraves*

Mr. Randy Hargraves, Chief
Construction Division, (313) 224-9102
Buildings, Safety, Engineering and Environmental Department

cc:     CPD
        4320 Pratt Rd
        Ann Arbor, MI 48103

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

In re CANNABIS PROFESSIONAL DESIGN, LLC, a limited liability company, MB CITY TRANSPORTATION, LLC, a limited liability company, HZ DETROIT HOLDINGS 1, LLC, a limited liability company, HZ DETROIT HOLDINGS 2, LLC, a limited liability company, and related entities associated with the real property commonly referred to as 20601 GLENDALE STREET , DETROIT, MI 48223

        Plaintiffs,

v.

City of Detroit, a Michigan municipality, and DAVE BELL in his capacity as the Director of the City's Buildings, Safety Engineering, and Environmental Department, and Janice Winfrey in her capacity as the City Clerk for the City of Detroit.
        Defendants.

Case No. 23-014598-AW

Hon. Charlene M. Elder

**SCOTT F. ROBERTS LAW PLC**
Christine L. Constantino, Jr. (P80719)
Attorneys for Petitioner
500 Temple St., Suite 2M
Detroit, MI 48201
(248) 234-4060
christine@scottrobertslaw.com

## NOTICE OF HEARING

    PLEASE TAKE NOTICE that Plaintiffs' Ex Parte Motion for Order to Show Cause Why a Writ of Mandamus Should not Issue Pursuant to MCR 3.3305(C) will be brought on for hearing before the Honorable Charlene M. Elder on November 21, 2023 at 9:30 a.m. via Zoom (https://miscao-3c.zoom.us/j/8510500245).

Date: November 16, 2023

        Respectfully submitted,

        */s/ Christine L. Constantino, Jr.*
        **SCOTT F. ROBERTS LAW PLC**

Document received by the MI Wayne 3rd Circuit Court.

Christine L. Constantino, Jr. (P80719)
Attorney for Defendant
500 Temple St., Suite 2M
Detroit, MI 48201
christine@scottrobertslaw.com

Document received by the MI Wayne 3rd Circuit Court.

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

In re CANNABIS PROFESSIONAL DESIGN, LLC, a limited liability company, MB CITY TRANSPORTATION, LLC, a limited liability company, HZ DETROIT HOLDINGS 1, LLC, a limited liability company, HZ DETROIT HOLDINGS 2, LLC, a limited liability company, and related entities associated with the real property commonly referred to as 20601 GLENDALE STREET , DETROIT, MI 48223

        Plaintiffs,

v.

City of Detroit, a Michigan municipality, and DAVE BELL in his capacity as the Director of the City's Buildings, Safety Engineering, and Environmental Department, and Janice Winfrey in her capacity as the City Clerk for the City of Detroit.

        Defendants.

Case No. 23-014598-AW

Hon. Charlene M. Elder



**SCOTT F. ROBERTS LAW PLC**
Christine L. Constantino, Jr. (P80719)
Attorneys for Petitioner
500 Temple St., Suite 2M
Detroit, MI 48201
(248) 234-4060

---

## <u>AMENDED NOTICE OF HEARING</u>

    PLEASE TAKE NOTICE that Plaintiffs' Ex Parte Motion for Order to Show Cause

Why a Writ of Mandamus Should Not Issue Pursuant to MCR 3.3305(C) will be brought on for

hearing before the Honorable Charlene M. Elder on November 30, 2023 at 11:00 a.m.

via Zoom (https://miscao-3c.zoom.us/j/8510500245).

Date: November 20, 2023

        Respectfully submitted,

        */s/ Christine L. Constantino, Jr.*
        **SCOTT F. ROBERTS LAW PLC**

Document received by the MI Wayne 3rd Circuit Court.

Christine L. Constantino, Jr. (P80719)
Attorney for Defendant
500 Temple St., Suite 2M
Detroit, MI 48201
christine@scottrobertslaw.com

Document received by the MI Wayne 3rd Circuit Court.

Nkenge Reed   11/20/2023 3:00 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   FILED IN MY OFFICE   23-014598-AW

# STATE OF MICHIGAN
# IN THE WAYNE COUNTY CIRCUIT COURT

**In re CANNABIS PROFESSIONAL DESIGN, LLC**, a
limited liability company, **MB CITY TRANSPORTATION,
LLC**, a limited liability company, **HZ DETROIT HOLDINGS
1, LLC,** a limited liability company, and **HZ DETROIT HOLDINGS
2, LLZ**, a limited liability company,

      Plaintiffs,                      Case No. 23-014598-AW

v.                                        Hon. Charlene M. Elder

**CITY OF DETROIT**, a Michigan municipal corporation,
**DAVE BELL**, in his capacity as the Director of the City
of Detroit Buildings, Safety Engineering and Environmental
Department, and **JANICE WINFREY**, in her capacity as the
City of Detroit City Clerk,

      Defendant.

_____/

| | |
|---|---|
| Christine L. Constantino, Jr. (P80719) | Eric B. Gaabo (P39213) |
| christine@scottrobertslaw.com | gaabe@detroitmi.gov |
| Scott Roberts Law PLC | City of Detroit Law Department |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 500 Temple St., | Coleman A. Young Municipal Center |
| Suite 2M | 2 Woodward Avenue, Suite 500 |
| Detroit, MI 48201 | Detroit, MI 48226 |
| (248) 234-4060 | (313) 269-0297 |

_____/

## APPEARANCE OF ERIC B. GAABO ON BEHALF OF DEFENDANTS

      TO:   Clerk of the Court

PLEASE TAKE NOTICE that I, Eric B. Gaabo, Senior Assistant

Corporation Counsel, City of Detroit Law Department, enter my appearance as

attorney for Defendants, the City of Detroit, David Bell and Janice Winfrey, in this

action.   Please serve all pleadings, notices and other papers in this action upon me

at gaabe@detroitmi.gov.

Respectfully submitted,

/S/ *Eric B. Gaabo* (P39213)
gaabe@detroitmi.gov
Attorney for Defendant City of Detroit
City of Detroit Law Department
Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 269-0297

Date:   November 20, 2023

Skip to Main Content Logout My Account Search Menu New Case Search Refine Search  Back                    Location : Non-Criminal Cases    Images Web Access Instruction Manual

# REGISTER OF ACTIONS
## CASE NO. 23-014598-AW

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Bell, Dave** | **Eric B. Gaabo** |
| | | *Retained* |
| | | (313) 237-3052(W) |
| Defendant | **City of Detroit** | **Eric B. Gaabo** |
| | | *Retained* |
| | | (313) 237-3052(W) |
| Defendant | **Winfrey, Janice** | **Eric B. Gaabo** |
| | | *Retained* |
| | | (313) 237-3052(W) |
| Plaintiff | **Cannabis Professional Design, LLC** | **Christine Constantino** |
| | | *Retained* |
| | | (248) 234-4060(W) |
| Plaintiff | **HZ Detroit Holdings 1, LLC** | **Christine Constantino** |
| | | *Retained* |
| | | (248) 234-4060(W) |
| Plaintiff | **HZ Detroit Holdings 2, LLC** | **Christine Constantino** |
| | | *Retained* |
| | | (248) 234-4060(W) |
| Plaintiff | **MB City Transportation, LLC** | **Christine Constantino** |
| | | *Retained* |
| | | (248) 234-4060(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/09/2023 | **Appeal Actions from Lower/Other Courts/Agency** |
| 11/09/2023 | **Writ, Filed** |
| 11/09/2023 | **Case Filing Fee - Paid** |
| 11/09/2023 | **Motion for Order to Show Cause-WVD** |
| 11/16/2023 | **Proof of Service, Filed** |
| 11/16/2023 | **Notice of Hearing, Filed** |
| 11/17/2023 | **Praecipe, Filed** (Judicial Officer: Elder, Charlene M. ) |
| 11/20/2023 | **Notice of Hearing, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |
| 11/20/2023 | **Appearance of Attorney, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |
| 11/20/2023 | **Proof of Service, Filed** |

| | | | |
|---|---|---|---|
| 11/20/2023 | **Proof of Service, Filed** | | |
| 11/20/2023 | **Proof of Service, Filed** | | |
| 11/20/2023 | **Proof of Service, Filed** | | |
| 11/20/2023 | **Proof of Service, Filed** | | |
| 11/30/2023 | **Motion Hearing** (11:00 AM) (Judicial Officer Elder, Charlene M.) | | |
| | *11/21/2023 Reset by Court to 11/30/2023* | | |

---

## FINANCIAL INFORMATION

|  |  |
|---|---|
| **Plaintiff** Cannabis Professional Design, LLC | |
| Total Financial Assessment | 175.00 |
| Total Payments and Credits | 175.00 |
| **Balance Due as of 11/27/2023** | **0.00** |

| | | | |
|---|---|---|---|
| 11/10/2023 | Transaction Assessment | | 175.00 |
| 11/10/2023 | eFiling | Receipt # 2023-79366 | Scott F. Roberts Law, PLC | (175.00) |