UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANNABIS PROFESSIONAL DESIGN, LLC,
MB CITY TRANSPORTATION, LLC, HZ
DETROIT HOLDINGS 1, LLC, and HZ
DETROIT HOLDINGS 2, LLC,

        Case Number 23-13004
        Honorable David M. Lawson

      Plaintiffs,

v.

CITY OF DETROIT,

      Defendant.

_____/

**ORDER DENYING IN PART MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE AND FOR AND EXPEDITED HEARING AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

On November 17, 2023, the plaintiffs filed a complaint in the Wayne County, Michigan circuit court alleging that defendant City of Detroit violated their rights under the Due Process Clause of the Fourteenth Amendment when, without any notice or formal hearing, it abruptly revoked several previously issued building permits and special land use permits and denied the plaintiffs' applications for business licenses to operate a cannabis dispensary. The City previously had approved all of the plaintiffs' applications and issued building permits and special land use authorizations, but it revoked the permits in October 2023 when it allegedly "discovered" that a previously unidentified school property was located within 1,000 feet from the plaintiffs' business premises, triggering a "drug-free zone" exclusion under the City's zoning ordinance. *See* City of Detroit Ordinance § 50-12-132. The complaint pleads claims via 42 U.S.C. § 1983 for denial of the plaintiffs' substantive and procedural due process rights based on the revocation of the plaintiffs' vested land use rights and the denial of notice and an opportunity to contest the revocation both before and after it occurred.

The City removed the case to this Court on November 28, 2023.  On November 30, 2023, the plaintiffs filed a motion for issuance of an order to show cause why a preliminary injunction should not be entered enjoining the defendant from preventing the completion of work on the plaintiffs' businesses and declaring that the plaintiffs shall be allowed to operate their business under the previously approved permits.  The motion was designated as an *ex parte* filing, but because the City removed the case to this Court its counsel automatically received electronic notice of the filing when it was docketed in this Court.  *See* E.D. Mich. Elec. Filing Pols. & Proc. R9.

The Court has reviewed the plaintiffs' motion and finds that the plaintiffs have failed to demonstrate good grounds for addressing the request for injunctive relief on an emergent basis, and the issuance of an order to show cause is not the proper procedural means to obtain a preliminary injunction because the defendant may present any opposition to the relief sought by filing a response to the motion in due course.  Moreover, when requesting early injunctive relief under Rule 65, "[t]he burden [is] on the [movant] to show that they [are] entitled to a preliminary injunction, not on the [opponent] to show that they [are] not."  *Granny Goose Foods, Inc. v. Teamsters Local No. 70*, 415 U.S. 423, 443 (1974).  The Court will deny those portions of the motion and schedule a hearing on the request for a preliminary injunction.  Plaintiffs' counsel will be directed forthwith to convene a conference with counsel for the defendant and to file a supplement to the motion stating whether and to what extent concurrence in the relief sought has been secured.  *See* E.D. Mich. LR 7.1(a).

The factors that the Court considers when deciding whether to grant a preliminary injunction are: (1) the movant's likely success on the merits, (2) whether the movant would suffer irreparable injury if an injunction is not issued, (3) whether the injunction requested would cause substantial harm to others, and (4) whether the injunction would serve the public interest.  *Ohio*

*Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Although these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Overstreet v. Lexington-Fayette Urban County*, 305 F.3d 566, 573 (6th Cir. 2002); *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). An inadequate showing of irreparable harm also will preclude such relief. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) (observing that "the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction") (citing *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). The Court has reviewed the pleadings and the plaintiffs' motion and notes that the only harm alleged is economic damage to the plaintiffs amounting to impairment of an approximately $35 million investment in building out the business premises, securing commercial arrangements with third parties, and hiring and training employees. "[T]he hallmark of irreparable injury is unavailability of money damages to redress the injury," and in this case the plaintiffs have not alleged that they have suffered or imminently will suffer any harm that cannot be redressed by a money judgment. *Caspar v. Snyder*, 77 F. Supp. 3d 616, 640 (E.D. Mich. 2015). There are no good grounds for issuance of an order to show cause in this instance because it is the plaintiffs' burden to show entitlement to an injunction, not the defendant's burden to show that an injunction should not be issued. Because of these deficiencies in the plaintiffs' presentation so far, the Court is not persuaded that addressing the request for injunctive relief on either an *ex parte* or emergency basis is necessary.

Accordingly, it is **ORDERED** that the plaintiffs' requests for an expedited hearing and for issuance of an order to show cause are **DENIED**.

It is further **ORDERED** that counsel for the plaintiffs forthwith shall convene a conference with counsel for the defendant and thereafter file a supplement to their motion indicating whether and to what extent concurrence in the relief sought has been secured.

It is further **ORDERED** that the defendant shall file its response to the plaintiffs' motion for a preliminary injunction **on or before December 21, 2023**.

It is further **ORDERED** that the parties shall appear for a hearing on the plaintiffs' motion for a preliminary injunction **on January 30, 2024 at 3:00 p.m.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 1, 2023